[No. 1361.]

## GEORGE KREIG, Appellant, *v.* F. M. FELLOWS, Respondent.

Exemptions—Stallions and Work Horses—Statutory Construction.—A stallion kept for breeding purposes, and not used as a work horse, is not exempt from execution under the third paragraph of Sec. 3243, Gen. Stat. of Nevada. The legislature intended by that paragraph to exempt to the debtor such animals as would be useful in assisting him to gain a livelihood by farming, etc., as ordinarily conducted.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Humboldt county.

*A. E. Cheney,* District Judge.

The facts sufficiently appear in the opinion.

*Robert M. Clarke,* for Appellant.

I.   The statute exempts " two horses," not two work horses, or plow horses, as is contended for by respondent.   Not two horses of any particular gender, or age, or size, or value, but "two horses" without qualification.   It is not the kind of horses but the calling of the person claiming the exemption, and the use to which the horses are put or can be put, that must determine the contention.

II.   Manifestly only persons engaged in the business of husbandry are entitled to the exemption.   Appellant is a husbandman.   Husbandry comprehends agriculture, raising, managing and fattening of cattle and other domestic animals.   (*Simmons* v. *Lovell,* 7 Heiskell, 515–16.)

III.   Exemption laws are not in derogation of the common law and should be liberally and beneficially construed.   (Thompson on Home. and Ex., Secs. 4, 7, 731; *Elder* v. *Williams,* 16 Nev. 416.)   Appellant being engaged in the business of husbandry, and the " two horses " being used and being necessary in appellant's said business, they are exempt from execution.

*M. S. Bonnifield,* for Respondent.

I.   Appellant is not a farmer, and the horses in question were not used in husbandry within the sense of the statute.   The provisions of the statute relate exclusively to exemptions in favor of farmers.   (*Brusie* v. *Griffith,* 34 Cal. 302.)   The statute is intended to apply only to domestic animals suitable and intended for ordinary work on a farm.   (*Robert* v. *Adams,* 38 Cal. 383; *In re Baldwin,* 12 Pac. Rep. 44.)

By the Court, BIGELOW, J.:

The question involved in this action is whether two stallions are exempt from execution.   The plaintiff claims that they are, under the third paragraph of section 3243, Gen. Stat., upon

the ground that he is engaged in the business of husbandry, and uses them in that business. The facts as found by the court are as follows: "The court finds from the testimony that plaintiff, George Kreig, was on the 1st day of November, 1891, and since the year 1889 had been, the owner in possession of a large ranch on the Humboldt river, near Winnemucca, in said county, and during said time has been engaged in raising live stock, horses and cattle thereon; that no grain or vegetables are grown or cultivated upon said ranch, and no hay or grass, except natural hay and grasses, is grown or cut thereon; that the said two stallions were kept and used for breeding purposes solely for stock raised on said ranch, and owned by plaintiff, but were not kept nor used for working upon or about said ranch, or in connection therewith, otherwise than for breeding purposes, although one of said stallions was, on two or three occasions, driven in a cart from said ranch to said town of Winnemucca by members of plaintiff's family. * * *"

While not entirely clear, it seems to be admitted that this language amounts to a finding that the horses were not at all used as work animals, either on the ranch or otherwise, but were kept for breeding purposes alone. The case has been argued upon that assumption, and we shall consider it to be the fact. As we are of the opinion that they do not come within the class of animals exempted by the statute, it is unnecessary to consider any other question in the case.

The subdivision of section 3243, under which this exemption is claimed, is neither happily drawn nor clearly expressed, and requires considerable piecing out by judicial construction to make it fit in harmoniously with the rest of the section, and to carry out the real purpose of the legislature in its adoption; but notwithstanding, we do not think there is much difficulty in determining what the purpose was.

The general policy of all exemption laws is that the unfortunate debtor shall not be left without the means of supporting himself and his family in the vocation usually pursued by him. To that end the tools of a mechanic or artisan, necessary to carry on his trade; the instruments of a surgeon, physician, surveyor, and dentist, necessary to the exercise of their professions, with their scientific and professional libraries; the law library of a lawyer; the libraries of ministers; the tools, implements and appliances of a miner; the horses of a teamster, by

the use of which he earns his living, and so on, are
exempted from execution.   These all illustrate the intention
of the legislative body in enacting the law, and show that it
was adopted to secure to the debtor the necessary means of
gaining a livelihood, while doing as little injury as possible to
the creditor.   In no part of the statute are farmers, gardeners,
stock raisers, and people engaged in similar occupations,
specially mentioned, but there seems no doubt that this third
subdivision was intended to apply to them alone, and to exempt
to them and their families, as had been done to others, the
means necessary to enable them to earn a living in their chosen
vocation.   For this purpose, " two oxen or two horses or two
mules, and their harness, two cows, and one cart or wagon,
with food for one month," are included among the exempt
articles.   The kind of oxen, horses, or mules is not men-
tioned, but looking at the whole scope and purpose of the
statute, as illustrated in its various provisions, it does not seem
doubtful that the intention was that they should be work ani-
mals—the kind that would best assist the debtor to obtain a
living at farming, as that business is ordinarily conducted,
while not generally enabling him to cover and hold from his
creditors a large amount of valuable property.   Wherever horses
are mentioned elsewhere throughout the section, some language
is used showing that what is intended to be exempted is the
animals used in the debtor's business, and the fact that it was
not so expressed in this paragraph, where certainly the same
reasons apply, must be considered simply an oversight, and the
omission can and must be supplied by the courts, in order that
the evident intention of the law-makers shall not be defeated.
Work horses would enable the debtor to carry on his business,
and however valuable could not generally be worth more than
a few hundred dollars; but if the exemption is not confined to
that class, then there is no limitation, and animals worth many
thousands of dollars may be beyond the reach of an execution.

We are supported in this view of the statute by the case of
*Robert* v. *Adams*, 38 Cal. 383, where the supreme court of that
state, in a well-considered opinion, came to the same conclusion
that we have expressed.   Probably, no matter how valuable a
horse may be, he would, if a work horse, be exempt from exe-
cution, and the fact that he is also a stallion, and used for
breeding purposes, would make no difference.   This was so

held in *McCue* v. *Tunstead*, 65 Cal. 506. But where the horse is not a work horse, nor intended to be such, and is used solely for breeding purposes, we feel confident that he does not come within the class that the legislature intended to exempt from execution, and as that is the case here, it follows that the judgment must be affirmed, and it is so ordered.