[S. F. No. 8872. In Bank.—September 16, 1918.]

THE PEOPLE ex rel. CHARLOTTE F. JONES, etc., Petitioner, v. J. H. ZEMANSKY et al., Respondents.

PRIMARY ELECTION LAW — CERTIFICATE OF NOMINATION — MANDAMUS — FAILURE TO SHOW MAJORITY CANDIDATE.—A writ of mandate will not lie to compel the issuance to petitioner and another of certificates of nomination for judicial offices, where it is not made to appear by the petition for the writ that the applicant and other candidate each received a majority of all votes at the primary election, and that there were not four majority candidates nominated.

ID.—NUMBER OF VOTES RECEIVED—INSUFFICIENCY OF PETITION.—An application for such a writ must be denied where the name of the candidate was not printed on the primary ballot but written in by voters, and it was not made to appear that she received a sufficient number of votes to equal the number required for a nomination paper, so as to entitle her to a certificate of nomination under a provision of subdivision 9 of section 5 of the Primary Act.

APPLICATION for a Writ of Mandamus originally made to the Supreme Court to compel respondents to issue certificates of nomination to petitioner and another, as candidates for judges of the Superior Court.

The facts are stated in the opinion of the court.

Charlotte F. Jones, *in pro. per.,* for Petitioner.

THE COURT.—Notwithstanding its title, this proceeding, in so far as it can be considered by us, is in effect simply one by Charlotte F. Jones to obtain a writ of mandate compelling respondents to issue certificates of nomination to her and another, as candidates for judges of the superior court of the city and county of San Francisco, by reason of the votes received by them respectively at the recent primary election. As to neither herself nor the other candidate, who does not join in or assent to the petition, are sufficient facts alleged to make a *prima facie* case for relief, in that it is not made to appear that either was a "majority candidate" under the provisions of section 23 of the Primary Act (Stats. 1913, p. 1404; Stats. 1917, p. 1356), that is, one receiving a majority of all the votes cast in San Francisco at said primary election, and that there were not four such "majority candidates" nominated at said primary. If this was the situation, neither she nor the other candidate named in her petition was entitled to a certificate of nomination in view of certain provisions of said section 23, as to the validity of which provisions we can perceive no serious question. Furthermore, as to herself, her name not having been printed on the primary ballot and her forty-nine votes having been received from persons writing in her name on the ballot, it is not made to appear that she received a sufficient number of votes to equal the number required for a nomination paper, so as to entitle her to a certificate of nomination, under a provision of subdivision 9 of section 5 of the Primary Act.

It is further claimed by petitioner that the whole Primary Act is violative of our constitution. The establishment of any such claim would effectively bar her from receiving the certificate of nomination sought, and it is therefore unnecessary to consider the points made by her in that regard.

The application for a writ is denied.