## Ex Rel. McGILL v. OLDFIELD

No. 2678

October 14, 1924.                    229 Pac. 384.

1. ELECTIONS — ELECTION LAW, DECLARING THAT CANDIDATE FOR NOMINATION TO NONPARTISAN OFFICE WHO RECEIVES MAJORITY OF ALL VOTES CAST SHALL BE ONLY CANDIDATE, APPLIES WHERE ONLY TWO CANDIDATES APPEAR.

Stats. 1917, c. 155, sec. 22, as amended by Stats. 1923, c. 43, sec. 3, providing that, when only one person is to be elected to a nonpartisan office, any candidate who receives at primary election a majority of the total votes cast for all candidates for such office shall be the only candidate at the ensuing election, is applicable where there are only two candidates for nomination.

See 20 C. J. sec. 171, p. 147, n. 65.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Application by the State of Nevada, on the relation of Ozello E. McGill, for a writ of mandate to be directed to F. D. Oldfield, as County Clerk of White Pine County. From a judgment of dismissal, plaintiff appeals. **Affirmed.**

*Geo. P. Annand* and *V. H. Vargas,* for Appellant:

The question is one of purely statutory construction of 1923 Stats. 51, section 22, and in so far as it is applicable to nonpartisan candidates, legislature intended to include situation where two such candidates filed for office to which one was to be elected.

Briefly, section provides that where but one person is to be elected to nonpartisan office, candidate who receives majority of votes at primary election shall be only candidate at ensuing election.

Such provision is repugnant to spirit and purpose of primary law and should be strictly construed; it does not apply to cases wherein only two nonpartisan candidates file declarations to which one shall be elected.

Purpose of primary law is to select candidates to run at general election, and not to elect them to office at primary. 9 R. C. L. 1072; Ritter v. Douglas, 32 Nev. 400; Line v. Board of Canvassers, 117 N. W. 730; State v. Erickson, 137 N. W. 385; Newberry v. United States, 256 U. S. 250.

Situation legislature sought to remedy should be taken into consideration. Hamilton v. Rathbone, 175 U. S. 419; Maynard v. Johnson, 2 Nev. 409.

*M. A. Diskin,* Attorney-General, *Thos. E. Powell,* Deputy Attorney-General, and *G. F. Boreman,* for Respondent:

Office in question was not created by constitution, but by statute. Rev. Laws, 3418, as amended 1923 Stats. 332, sec. 2. Office created by statute is wholly within control of legislature. Sinclair v. Young, 40 S. E. 901.

Stats. 1923, 51, sec. 22, entirely changed former law by proviso that in case but one person is to be elected to nonpartisan office, any candidate receiving majority of total vote cast for all candidates shall be only candidate for such office. Petitioner did not receive majority of votes cast, but her opponent did, with result that opponent shall be only candidate.

The amendment of 1923 was copied from the California law, under which, in Marsh v. Board of Supervisors, 192 Pac. 708, the supreme court held that where the petition showed there were three judges to be elected, and each of the three candidates received votes of majority of those voting at primary, and no other candidate received majority vote, names of the three candidates are only names lawfully to be placed on ballot for general election.

In People v. Zamansky, 175 Pac. 408, California supreme court ruled that in as much as petitioner did not allege he was majority candidate, petition did not state facts sufficient to constitute cause of action.

Language of section 22 of election law, as amended by 1923 Stats. 51, is plain; there is no room for construction; court is not permitted to search for meaning beyond statute itself. State v. Jepsen, 46 Nev. 196; State v. Clark, 21 Nev. 307.

## OPINION

By the Court, DUCKER, C. J.:

Judgment was rendered by the district court of

White Pine County in favor of respondent, dismissing appellant's affidavit and denying the peremptory writ of mandate prayed for therein.

It appears from the affidavit upon which the application for the writ is based that appellant, Ozello E. McGill, was a nonpartisan candidate at the recent primary election for the office of short-term member of the county board of education of White Pine County, and that one George Doyle was the only other candidate at said election for said office. Appellant received 592 votes, and Doyle received 597 votes. Appellant made a demand upon respondent for a certificate of nomination to said office in order that her name appear as a nominee therefor on the official ballot for the ensuing general election to be held in White Pine County, which demand was refused by him. It appears from the record that respondent interposed a demurrer to the affidavit, on the ground that it did not state facts sufficient to constitute a cause of action or to entitle appellant to the relief prayed for or to any relief. The demurrer was sustained and judgment as aforesaid subsequently rendered, from which this appeal is taken.

There is no difficulty in determining the question presented by these facts. As the office of short-term member of the county board of education is, under existing law, a nonpartisan office to which one person is to be elected at the ensuing general election, and as one of the candidates for nomination received a majority of all the votes cast for both, the case is controlled by the proviso in the last paragraph of section 22 of the act regulating the nomination of candidates for public office in this state. The first paragraph of the section relates to the nomination of party candidates, and has no bearing upon the question involved. The second paragraph reads:

"In the case of a nonpartisan office, the candidates equal in number to twice the number to be elected to such office, or less, if so there be, who receive the highest number of votes shall be the candidates for such office at the ensuing election, and their names as such candidates shall be placed on the official ballot

voted at the ensuing election; provided, however, that in case there is but one person to be elected at the November election to a nonpartisan office, any candidate who receives at the September primary election a majority of the total number of votes cast for all the candidates for such office shall be the only candidate for such office at the ensuing election." Section 3, p. 51, Stats. 1923.

The intention of the legislature to make a nomination to a nonpartisan office equivalent to an election to such office, under the condition prescribed, is manifested in words of unmistakable import. We are not concerned with the policy of this statute, nor does appellant raise any question as to the power of the legislature to enact it. It is claimed, however, that the proviso is applicable only when there has been more than two candidates for nomination to a nonpartisan office to which one person is to be elected, and one who has received a majority of the total number of votes cast for all of the candidates. The language of the proviso affords no basis for this claim. It is merely a qualification of the second paragraph of the section. Section 22 is an amendment of the primary law of 1917 (Stats. 1917, c. 155). As the law then stood, section 22 contained this paragraph:

"In the case of a nonpartisan office to which only one person can be elected at the November election, the two candidates receiving the highest number of votes shall be declared to be the nonpartisan nominees."

In 1923 the legislature eliminated this paragraph, but included the substance of it in the second paragraph of the amendment. The second paragraph, as we have seen, provides for the nomination of candidates for all nonpartisan offices, with the qualification contained in the proviso that in case there is but one person to be elected to such office, the candidate receiving a majority of the total number of votes cast for all the candidates shall be the only candidate.

Appellant places stress upon the word "all," used in the proviso, as indicating an intention to provide for an exclusive nomination of one candidate by a majority

vote only when there are more than two candidates for the nomination, but we are convinced that no such restricted meaning of the adjective employed was intended. The provision in its entirety is free from ambiguity and leaves no room for construction. As appellant's application does not show that she received a majority vote, and does show that the other candidate did receive a majority of all the votes cast for the office of short-term member of the county board of education of White Pine County, she is not entitled to have her name placed upon the ballot for such office, and the demurrer was properly sustained.

The judgment of the lower court dismissing appellant's affidavit and denying the peremptory writ of mandate asked for is affirmed.

It is so ordered.