In re Charles Wayne BREEN and Sally Jane Breen, Debtors.

**HAVAS LEASING COMPANY, Appellant,**

v.

Charles Wayne BREEN, Appellee.

**BAP No. NV 89–2175–ASPO.**

**Bankruptcy No. BK–N 89–01042 JHT.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted on Briefs Oct. 25, 1990.

Decided Feb. 11, 1991.

Michael Lehners, Reno, Nev., for appellant.

Joseph Dita, Reno, Nev., for appellee.

Before ASHLAND, PERRIS and OLLASON, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Havas Leasing Company (Havas) appeals from the court's order avoiding Havas' lien on the debtors' pick-up truck, on the basis that the lien was a nonpossessory, nonpurchase-money security interest in tools of the trade of the debtor and that the lien impaired an exemption to which the debtors would have been entitled under § 522(b). We affirm.

## FACTS

On February 13, 1989 Havas and Charles Breen (Breen) entered into a restaurant equipment lease. The total cost of the leased equipment was $6,125. The lease had a 36–month term and the monthly payment was $257.08 including a life and dis-

ability insurance premium. Breen granted Havas a security interest in the restaurant equipment. As additional security, Breen granted Havas a security interest in a 1979 Chevrolet pick-up truck, a 1978 dune buggy, and a 1986 flatbed trailer.

At some point thereafter, Breen defaulted on the lease. Breen and his wife filed a Chapter 7 petition on August 11, 1989. The debtors claimed the 1979 pick-up as exempt property pursuant to Nev.Rev.Stat. 21.090.1(d) on Schedule B4 of their Schedule of Assets and Liabilities. NRS 21.090.-1(d) exempts up to $4,500 for tools, instruments, and materials used to carry on the trade of the debtor. At the time the petition was filed, Breen was employed as a carpenter and the truck was allegedly a tool used to carry on his trade as a carpenter. After the default on the restaurant equipment lease, the restaurant equipment was surrendered to Havas, as were the dune buggy and presumably the trailer. However, the debtors retained the pick-up truck as is evidenced by their Statement of Intentions, where the debtors expressed an intention to retain the truck.

On October 3, 1989 Havas filed a motion for relief from the automatic stay seeking to exercise its remedies of repossession regarding the truck. Havas claimed that the restaurant equipment was valued at only $600 due to the fact that it was in considerable disrepair when it was returned to Havas. Havas claimed that due to the low value of the equipment, a deficiency in the amount of $7,720 was owed under the lease. Havas sought to attach the truck and apply its proceeds toward the deficiency.

The debtors opposed Havas' motion. They objected to the $600 valuation for the equipment which only six months earlier had been valued at $6,125. The debtors valued the returned restaurant equipment at $5,000. According to their calculations, the deficiency under the lease was only $1,908.64. Concurrently with their opposition, the debtors filed a motion to avoid Havas' lien on the pick-up truck. The debtors argued that Havas' lien impaired an exemption to which they would have been entitled, since they had claimed the pick-up truck as exempt as a tool of the trade pursuant to NRS 21.090.1(d). As the lien was a nonpossessory, nonpurchase-money security interest in a tool of the trade of the debtor, the debtors claimed it was avoidable under § 522(f)(2)(B).

The debtors argued that the truck was a tool used to carry on Breen's trade as a carpenter. They attached a copy of their Form 1040, U.S. Income Tax Return, for the year 1988 which showed that the debtors deducted $2,500 for car and truck expenses. The debtors argued that these expenses were incident to the operation of Breen's business as a carpenter. In addition, the debtors attached copies of photographs of the truck, which was allegedly loaded with carpenter tools, hand tools, a ladder rack, etc. Although they acknowledged that a motor vehicle is generally not considered to be a tool of the trade, they argued that under the law of the debtors' domicile or by virtue of the use being made of the vehicle, a motor vehicle may be deemed a tool of the trade. They argued that Breen continues to use the truck in his occupation as a carpenter and is required to transport doors, cabinets, and tools for his employer Western Doors Company.

Havas opposed the debtors' motion to avoid the lien. Havas argued that the pick-up truck did not qualify as a tool of the trade and that the lien was therefore not avoidable under § 522(f)(2)(B). In addition, in response to the debtors' opposition to the lift stay motion, Havas attached an appraisal stating that the restaurant equipment was worth only $600 due to the poor condition it was left in.

A hearing on the motions was held on November 20, 1989. Although we do not have a transcript of the hearing, it appears that Breen testified that he was employed by the Western Doors Company as a carpenter and relied on the pick-up truck as a tool of his trade. The court apparently agreed that the truck was a tool of Breen's trade. An order avoiding Havas' lien was entered on December 5, 1989. The order provided that:

1. Havas Leasing Company has a lien on a 1979 Chevrolet pick-up truck, ..., property heretofore exempted by the Debtors;

2. The lien impairs an exemption to which the Debtors would have been entitled under 11 U.S.C. section 522(b);

3. The lien is a non-possessory, non-purchase money security interest in tools of the trade of the Debtor, ...

Havas' lien was avoided and Havas was ordered to release any and all interest in the vehicle and forward the certificate of title to the debtors. Havas' motion for relief from the stay was denied.

Havas filed a timely notice of appeal from the order on December 12, 1989.

## ISSUE

Whether the debtors may avoid a nonpossessory, nonpurchase-money security interest in a pick-up truck under the "tools of the trade" exemption of § 522(f)(2)(B) and NRS 21.090.1(d).

## STANDARD OF REVIEW

Questions of law are reviewed *de novo* as is the lower court's interpretation of state law. *In re Taylor*, 861 F.2d 550, 552 (9th Cir.1988). Findings of fact made by the court below will be reversed only if clearly erroneous. *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988).

## DISCUSSION

Section 522 of the Bankruptcy Code allows the debtor to exempt certain property from the estate, and to avoid liens on that property, to ensure that the debtor will not become a "public charge." *In re Taylor*, 861 F.2d 550, 552 (9th Cir.1988) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 126, U.S.Code Cong. and Admin.News 1978, pp. 5787, 6087). Under § 522(f):

(f) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would

have otherwise been entitled under subsection (b) of this section, if such lien is—

 \* . \* \* \* \* . \*

(2) a nonpossessory, nonpurchase-money security interest in any—

 \* \* \* \* \* \*

(B) implements, professional books, or tools of the trade of the debtor....

Thus, liens can be avoided only to the extent that they impair an exemption under subsection (b). Section 522(b) provides three alternatives for defining exempt property: (1) the federal "laundry list" of exempt property that is contained in subsection (d); (2) the federal list as expressly modified by State law; or (3) the list of exemptions as defined by the State without reference to the federal list. *Taylor*, 861 F.2d at 552.

Nevada has opted out of the federal exemption provisions of § 522(d), *see* NRS 21.090.3, and has defined its own classes of exempt property in NRS 21.090.1. NRS 21.090.1(d) provides that:

1. The following property is exempt from execution, except as otherwise specifically provided in this section:

 \* \* \* \* \* \*

(d) Professional libraries, office equipment, office supplies and the tools, instruments and materials used to carry on the trade of the judgment debtor for the support of himself and his family not to exceed $4,500 in value.

Section 522(*l*) and Bankruptcy Rule 4003(a) require the debtor to list the property claimed as exempt on the schedule of assets and liabilities required by Bankruptcy Rule 1007(b). The debtors claimed the pick-up truck as exempt property pursuant to NRS 21.090.1(d) on Schedule B4 of their Schedule of Assets and Liabilities.

█ Section 522 provides that unless a party in interest objects to the list of exempt property, the property claimed as exempt is exempt. Bankruptcy Rule 4003(b) provides that the trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors. Havas' motion for relief from the stay was

filed on October 3, 1989. The motion notes that at the debtors' § 341 meeting held on September 14, 1989, Breen indicated an intent to avoid Havas' security interest under § 522(f) since Havas' lien impaired an exemption to which the debtors would have been entitled. In addition, the motion in essence objected to the debtors' claim that the truck be exempted as a tool of the trade. It is unclear whether the § 341 meeting was concluded on September 14, 1989. However, even if the meeting were concluded on September 14, 1989, Havas' objection to the debtors' claim of exemption was filed within 30 days of that date and was timely under Bankruptcy Rule 4003(b).

■ Although Havas filed a timely objection to the debtors' claim of exemption, we do not conclude that the court below erred in concluding that Havas' lien impaired an exemption to which the debtors would otherwise have been entitled under § 522(b) and NRS 21.090.1(d). Although not specified in its order, the court in essence concluded that the pick-up truck was exempt as a tool used to carry on the trade of the debtor for the support of himself and his family under NRS 21.090.1(d). Nevada cases interpreting the tool of the trade exemption of NRS 21.090.1(d) would have been very helpful in determining whether the pick-up truck would be properly characterized as an exempt tool of the trade under that statute. Unfortunately, we were unable to locate any such cases.

One bankruptcy case was found which addresses NRS 21.090.1(d). In *In re Kolsch*, 58 B.R. 67 (Bankr.D.Nev.1986), the debtors claimed tanning beds and other business equipment as exempt as tools of the trade under NRS 21.090.1(d). The trustee's objection was based on the fact that the debtors' tanning salon was operated as a side-line and was not intended by the debtors to figure in their future support.

In discussing NRS 21.090.1(d), the court noted that:

Long ago, the Nevada Supreme Court stated that the purpose of the State's occupation-related exemptions was to ensure that the debtor is not 'left without the means of supporting himself and his family in the vocation usually pursued by him' and 'to secure to the debtor the necessary means of gaining a livelihood, while doing as little injury as possible to [his] creditor[s].'

*Kolsch*, 58 B.R. at 69 (citing *Kreig v. Fellows*, 21 Nev. 307, 309, 310, 30 P. 994 (1892)). In addition, the court noted that one feature of the Nevada tool of the trade exemption statute is the requirement that the claimed trade or profession actually figure in the *support* of the debtor and his family. *Kolsch*, 58 B.R. at 69 (emphasis in original). The court must require at a minimum that the claimed trade or profession have actually contributed to the support of the debtor and his family to some reasonable and meaningful extent in the past. In the absence of this past history of support, or where the debtor has ceased using the property claimed as exempt, the court must require that the debtor demonstrate a reasonable and realistic prospect of using the property to earn his living in the future. *Id.* at 70.

Havas argues that the truck is merely a tool of convenience and is not necessary to and used by Breen to carry on his trade as a carpenter. In support of its argument, Havas cites several cases in which vehicles were found not to qualify as tools of this trade. *See In re Nowak*, 48 B.R. 290 (W.D. Wis.1984); *In re Horton*, 76 B.R. 166 (Bankr.D.Mont.1987); *In re Harrell*, 72 B.R. 107 (Bankr.N.D.Ala.1987); *In re Parker*, 40 B.R. 490 (Bankr.N.D.Ala.1984); *In re Steele*, 8 B.R. 94 (Bankr.D.S.D.1980); and *In re Meyers*, 2 B.R. 603 (Bankr.E.D. Mich.1980). However, as noted by the Ninth Circuit, "there is a plethora of case law interpreting the 'tools of the trade' allowance in the context of motor vehicles, and the courts are divided." *In re Taylor*, 861 F.2d 550, 552–53 (9th Cir.1988) (citations omitted). Lien avoidance on motor vehicles as tools of the debtor's trade, however, is generally allowed in situations where the vehicle is necessary to the debtor's trade and the state has opted out of the federal laundry list, which limits the

tools of the trade exemption to $750. *Id.* at 553 (citations omitted).

It appears that the court below found that the pick-up truck was necessary to Breen's trade as a carpenter. Although we do not have a copy of the transcript of the hearing, according to the briefs filed by both Havas and the debtors, Breen testified that he relied on the pick-up as a tool of his trade as a carpenter for the Western Door Company. In addition, the copy of the debtors' tax return which was attached to their motion to avoid Havas' lien showed deductions for car and truck expenses which were allegedly incident to the operation of Breen's business as a carpenter. Finally, the copies of photographs of the truck showed a truck allegedly loaded with carpenter tools, hand tools, a ladder rack, etc.

From the record before us we are not convinced that the court's finding that the truck was necessary to Breen's trade as a carpenter was clearly erroneous. The court did not err in its interpretation of NRS 21.090.1(d). Once the court determined that the truck was exempt under the tool of the trade exemption of NRS 21.090.-1(d), the court properly concluded that Havas' nonpossessory, nonpurchase-money security interest in the truck impaired an exemption to which the debtors would have been entitled, and was avoidable under § 522(f)(2)(B). *See In re Taylor,* 861 F.2d at 552–54.

Havas argues that the debtors' reliance on *Taylor* is misplaced due to the fact that the Montana exemption statute at issue in *Taylor* contained two provisions dealing with tools of the trade, one which specifically exempted a truck used by a laborer who earns his or her living by the vehicle. As there is no comparable section in the Nevada exemption statute, Havas claims *Taylor* is distinguishable.

*Taylor* did deal with an exemption statute which was not entirely similar to the Nevada statute. However, *Taylor* notes the general rule that when the state has opted out of the federal laundry list of exemptions in § 522(d), lien avoidance on motor vehicles as tools of the debtor's trade is allowed in situations where the vehicle is necessary to the debtor's trade. Havas does not dispute that the test to apply in considering whether a vehicle can be deemed to be a tool of the trade is whether the vehicle is necessary to the debtor's trade and is used by the debtor to carry on his trade. What Havas disputes is the "fact" that the pick-up truck is necessary to carry on Breen's trade as a carpenter. As noted above, we are not convinced that the court erred in its finding of necessity.

## CONCLUSION

The court's order avoiding Havas' lien on the debtors' 1979 Chevrolet pick-up truck is affirmed. The court's order denying Havas' motion for relief from the automatic stay is also affirmed.