In re Lois Yvonne SISEMORE, a/k/a
Lois Yvonne Sisemore
Jabri, bankrupt.

St. Clair NEWBERN, III, Trustee,
Appellant,

v.

Lois Yvonne SISEMORE, Appellee.

No. 79–1709
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1979.

St. Clair Newbern, III, Fort Worth, Tex.,
for appellant.

Clifford F. McMaster, Fort Worth, Tex.,
for appellee.

Before GOLDBERG, RONEY and TJO-
FLAT, Circuit Judges.

PER CURIAM:

In this case we affirm the district
court's decision that the bankruptcy court
did not err in holding: *first*, that the late
filing of objections to the Trustee's Report
of Exempt Property did not prevent consid-
eration of those objections under the cir-
cumstances of this case, *i.e.*, physical inca-
pacity of the attorney, lack of surprise to
the trustee or prejudice to the administra-
tion of the estate, and the fact that the
litigated vehicle remained with the bank-
rupt at all times, *see* Rules Bankr.P. 403(e),
924 and Advisory Committee's Note; and
*second*, both the automobile and the jeep
used in connection with maintaining "large
areas and landscape, hedges, flower beds
and mowing grass" are exempt under Tex.
Rev.Civ.Stat.Ann. art. 3836(a)(3) (Vernon).
*See Hickman v. Hickman*, 149 Tex. 439, 234
S.W.2d 410 (1950); *Meritz v. Palmer*, 266
F.2d 265 (5th Cir. 1959). We need not de-
cide whether two identical automobiles of
identical use would be exempt under that
statute.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.