**In re Kenneth Wayne STEELE and Lynne Marie Steele, Debtors.**

**Kenneth Wayne STEELE and Lynne Marie Steele, Plaintiffs,**

**v.**

**UNITED NATIONAL BANK, SIOUX FALLS, SOUTH DAKOTA, Defendant.**

**Bankruptcy No. 380–00035.**
**Adv. No. 380–0024.**

United States Bankruptcy Court,
D. South Dakota.

Dec. 17, 1980.

Thomas M. Maher, Maher, Gors & Dean, Pierre, S. D., for plaintiffs.

Harold H. Deering, Jr., May, Adam, Gerdes & Thompson, Pierre, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Kenneth and Lynne Steele filed a Chapter 7 Petition, and, as part of that case, Debtors filed a Complaint to avoid a lien on a 1974 Jeep Wagoneer under 11 U.S.C. Section 522(f). Debtors alleged in the Complaint that United National Bank, Defendant, had a nonpossessory, nonpurchase-money security interest in the Jeep Debtors claimed as exempt. Debtors requested the Court to avoid the lien and to provide any other relief that might be proper and just.

Defendant's Answer alleged that Debtors failed to state a claim; that the Bankruptcy Court has no jurisdiction over the property since the Trustee abandoned it; that the Defendant did take a security interest in the 1974 Jeep Wagoneer; and that the Defendant denied all other allegations.

The Court held a hearing and took the matter under advisement.

## FACTS

In the schedules Debtors claimed as exempt under 11 U.S.C. Section 522(d)(2) the 1974 Jeep Wagoneer valued at $3,000.00. In Debtors' opinion, the Jeep's value, as of the date of the hearing, is $750.00. Defendant believed the Jeep to be worth much more than $750.00.

Defendant has a nonpossessory, nonpurchase-money security interest in the Jeep for the amount of $4,158.26.

Mrs. Debtor is employed by a Certified Public Accountant. Mr. Debtor works as a real estate broker. He claims use of the Jeep in his business and for personal purposes. Due to the nature of his work a car is necessary. The Jeep is the only vehicle Debtors presently have.

## ISSUE

Although Defendant presented other issues, this Court need only consider whether Debtors are entitled to avoid under 11 U.S.C. Section 522(f)(2) a nonpossessory, nonpurchase-money security interest in a 1974 Jeep Wagoneer that Debtors use partially for business purposes.

11 U.S.C. Section 522(f)(2) permits a debtor to avoid a lien on property claimed exempt if such lien is

"(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor;".

Debtors' Counsel contended that Debtors were entitled to avoid the lien on the Jeep under 11 U.S.C. Section 522(f)(2)(A). This Bankruptcy Court adopts the reasoning and holding of In re Abt, 1 CBC 2d 374, 2 B.R. 323 (E.D.Pa.1980), that Section 522(f)(2)(A) cannot be used by a debtor to avoid a lien on a motor vehicle. The Court, after noting that different federal exemptions exist for a motor vehicle (11 U.S.C. Section 522(d)(2)) versus the items listed in Section 522(f)(2)(A) (11 U.S.C. Section 522(d)(3)), commented that,

"the specific inclusion of the debtor's interest in a motor vehicle in § 522(d)(2), and the omission of any mention of a motor vehicle in § 522(f) reflects the Congressional intent and negates the debtor's argument that his motor vehicle should be treated as part of his household goods." (378, 2 B.R. 323)

Debtors are not entitled to avoid Defendant's lien on the Jeep under 11 U.S.C. Section 522(f)(2)(A).

Debtors' Counsel argued that the Jeep Wagoneer is necessary for Debtor's business as a real estate broker. Debtors therefore urged that Defendant's lien can be avoided under Section 522(f)(2)(B) as a tool of Debtor's trade.

The items listed under Section 522(f)(2)(B) are identical to the federal exemption granted debtors under 11 U.S.C. Section 522(d)(6). As mentioned earlier, the federal exemption for a motor vehicle is 11 U.S.C. Section 522(d)(2).

This Court does not believe Congress intended a motor vehicle to be considered as a tool of a debtor's trade for the purposes of Section 522(f). The common usage of the phrase "tools of the debtor's trade" does not ordinarily include motor vehicles. This Court believes that had Congress intended Section 522(f) to cover motor vehicles it would have specifically mentioned motor vehicles.

This Bankruptcy Court, for the reasons set out above and the reasoning used by the Court in Abt, holds that Debtors are not entitled to avoid Defendant's lien on the Jeep Wagoneer under Section 522(f)(2)(B).

## CONCLUSION

Debtors are not entitled to avoid Defendant's lien on the 1974 Jeep Wagoneer. Pursuant to Debtors' request, the discharge hearing is continued for thirty (30) days for the limited purpose of allowing Debtors to attempt to enter into a reaffirmation agreement with Defendant.

Defendant's Counsel shall submit an Order consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.