In re Lyle Lavern **TOFSTAD** and Shelly Marie Tofstad, f/k/a Shelly Marie Rolf, Debtors.

**THORP CREDIT & THRIFT COMPANY,** a Minnesota corporation, Plaintiff,

v.

Lyle Lavern **TOFSTAD** and Shelly Marie Tofstad, f/k/a Shelly Marie Rolf, Defendants.

Bankruptcy No. 3–81–01982.
Adv. No. 82–7034.

United States Bankruptcy Court, D. North Dakota.

April 7, 1982.

Robert D. Stroble, Thief River Falls, Minn., for plaintiff.

John Winters, Crookston, Minn., for defendants.

MEMORANDUM DECISION & ORDER

HAROLD O. BULLIS, Bankruptcy Judge.

The sole question for determination here is whether Debtors' pickup truck falls within the definition of implements or tools of the trade as used in § 522(f)(2)(B) of the Bankruptcy Reform Act, 11 U.S.C. § 522(f)(2)(B), so as to permit Debtors to avoid a non-possessory, non-purchase money security interest held by Plaintiff.

Plaintiff brought this action seeking relief from the automatic stay provisions of § 362(a) of the Bankruptcy Reform Act, 11 U.S.C. § 362(a), in order to foreclose its security interest in Debtors' pickup truck. Debtors counterclaimed, seeking to avoid Plaintiff's security interest.

The case was tried in Grand Forks, North Dakota, on March 15, 1982. At trial the parties agreed that Plaintiff's lien in the pickup is a non-possessory, non-purchase money security interest, that Debtors have no equity in the vehicle, and that Plaintiff is under-secured and not adequately protected.

Debtor Lyle Tofstad is employed on his father's farm but lives on a separate farmstead about three miles away. He receives a $500.00 per month salary from his father for working on the farm and hauling milk. In addition, 20 to 30 pigs owned by his father are housed on the farmstead where Debtors reside and Debtors receive a share of the profits from those pigs. Tofstad testified that he uses the pickup to haul feed from his father's farm for the pigs and to haul pigs to market. He also uses the pickup to haul tires and repairs for the milk truck he operates for his father. In addition, the pickup, being Debtors' only vehicle, is used for their personal use, although Tofstad testified that he also has the use of his mother's automobile.

The right afforded debtors to avoid liens under § 522(f) is a new right granted by the Bankruptcy Reform Act that was not available under the prior Bankruptcy Act. Some bankruptcy courts have adopted the view that since this right deals with debtors' exemptions, it should, like the exemption provisions, be liberally construed to insure the fresh start concept of bankruptcy. See, e.g., *In re Dubrock*, 5 B.R. 353, 6 B.C.D. 771 (Bkrtcy.W.D.Ky.1980) and *In re Arthur J. Eagan, Jr.*, 16 B.R. 439, 8 B.C.D. 762 (Bkrtcy.N.D.N.Y.1982). In both of these cases, non-possessory, non-purchase money security interests in vehicles were avoided as implements or tools of the trade.

Other bankruptcy courts have given a narrower interpretation to § 522(f)(2), pointing out that that section deals not with the granting of exemptions, but with the avoidance of liens. See *In re Sweeney*, 7 B.R. 814, 6 B.C.D. 1377 (Bkrtcy.E.D.Wis. 1980); *In re Abt*, 2 B.R. 323, 5 B.C.D. 1237 (Bkrtcy.E.D.Pa.1980); and *In re Steele*, 8 B.R. 94 (Bkrtcy.S.D.1980).

Unlike the exemption provisions, the right to avoid liens affects property rights of secured creditors. As pointed out in *Sweeney*, the legislative history surrounding the enactment of this provision indicates quite clearly that the evil Congress sought to eliminate was the threat secured creditors were often able to hold over debtors, that of threatening a repossession of household goods having little actual value, but costly to replace, in order to extract a reaffirmation of debtor's obligation. See H.Rep. 95–595, 95th Cong., 2nd Sess. (1978) 127, U.S.Code Cong. & Admin.News 1978, p. 5787.

As was also pointed out in *Sweeney*, the language of § 522(f)(2)(A), (B) and (C) is almost identical to the language in the exemption provisions of § 522(d)(3), (4), (6) and (9). Congress provided a separate motor vehicle exemption in § 522(d)(2) and its failure to include similar language in § 522(f)(2) indicates to this Court a clear intent by Congress not to include motor vehicles within the purview of § 522(f)(2). Too, the fact that Congress limited the right to avoid liens under § 522(f)(2) to non-possessory, non-purchase money security interests is a further indication that Congress intended that right to be narrowly applied.

This Court, therefore, is of the view that the provisions of § 522(f)(2)(B) should be narrowly construed and that the definition of implements or tools of the trade must be limited to those items that are peculiar to the trade or profession of the debtor, and without which he or she could not ply his or her trade or profession. There is nothing inherent in Debtors' pickup truck that makes it a necessary tool or implement required for the Debtor to perform his employment for his father as a farmhand or to operate his father's milk truck.

For the reasons stated,

IT IS ORDERED that the relief requested in Plaintiff's complaint is granted and that Defendants' counterclaim is dismissed.

JUDGMENT MAY BE ENTERED ACCORDINGLY.