**In re Leon MARICLE, Debtor.**

**Leon MARICLE, Plaintiff,**

**v.**

**HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, f/d/b/a Grand Island Trust Company, Grand Island, Nebraska, Defendant.**

**Bankruptcy No. 582–00051.
Adv. No. 582–0069.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Aug. 4, 1982.

---

Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, Lubbock, Tex., for Leon Maricle, debtor.

Tommy J. Swann, McCleskey, Harriger, Brazill & Graf, Lubbock, Tex., for Home Federal Savings and Loan.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Debtor, Leon Orville Maricle, filed complaint against Home Federal Savings and Loan Association, (formerly known as Grand Island Trust Company), seeking to avoid a certificate of title lien against a 1975 Ford pickup truck and a security agreement lien against mechanic's tools. He contends that both the truck and the tools are implements or tools of his trade as an automobile mechanic, that the lien held by Home Federal Savings and Loan Association is a nonpossessory, nonpurchase money lien, and that, pursuant to the provisions of 11 U.S.C. § 522(f)(2)(B), the liens should be avoided. The following summary constitutes findings of fact after nonjury trial.

The debtor, electing exemptions under the federal bankruptcy law, claims that his mechanic tools, valued at $1,500.00, are exempt under the provisions of § 522(d)(6) and that the tools' excess value over $750.00, as well as the 1975 Ford pickup truck (valued at $2,200.00) is exempt under the "wild card" provision of § 522(d)(5). The evidence established that for many years the debtor has been employed as an automobile mechanic. In January 1980 he had purchased the 1975 Ford pickup truck, securing the purchase price with a certificate of title lien to the Central Bank of Central City, Nebraska. The purchase money lien was liquidated in October 1980. Thereafter, in January 1981, the debtor obtained a loan from Home Federal Savings and Loan Association in the amount of $6,057.55, securing that loan with, among other things, nonpurchase money, nonpossessory liens against the pickup truck and against his mechanic's tools.

11 U.S.C. § 522(f)(2)(B), upon which the debtor relies for the requested relief, provides that a debtor may avoid a nonpossessory, nonpurchase money lien which impairs an exemption in "implements, professional books, or tools, of the trade of the debtor . . . ."

There is no issue concerning the right of the debtor to avoid the lien against the mechanic's tools. Home Federal Savings and Loan Association, by its attorney of record, announced in open court that the elements were present which justify the avoidance of the lien against the mechanic's tools. However, it does challenge the right of the debtor to avoid the lien against the truck.

There are several barriers between the debtor and the requested relief.

There is a mixed issue of fact and law as to whether Congress, by its enactment of § 522(f), intended that a certificate of title lien against a motor vehicle be avoided in any event. That issue has been the subject of much disagreement among the bankruptcy courts which have dealt with it. Those courts which have concluded that an exempt motor vehicle is not an appropriate subject for lien avoidance under § 522(f) find support for their position in the legislative history which indicates that the drafters of the Code enacted the lien avoidance provisions of § 522(f) primarily to prevent overreaching creditors who take security interest in debtors' household goods from repossessing, or threatening to repossess, that property which has little realizable market value, but high replacement costs for the debtor. Motor vehicles, they contend, do not fall within that category. *See Matter of Meyers,* 2 B.R. 603 (Bkrtcy.E.D.Mich. 1980); *In re Tofstad,* 19 B.R. 34 (Bkrtcy.D. N.Dak.1982).

Those courts which have reached the opposite conclusion reason that since Congress did not specifically exclude motor vehicles from the provisions of § 522(f), a motor vehicle which is an exempt tool of trade is a proper subject of the lien avoidance provisions of § 522(f). *See e.g. In re Dubrock,* 5 B.R. 353 (Bkrtcy.W.D.Ky.1980); *In re Augustine,* 7 B.R. 565 (Bkrtcy.W.D.Pa.1980).

Those latter cases assume a result which is also a disputed issue. There is a mixed issue of fact and law as to whether a motor vehicle can properly be an implement or tool of trade. A motor vehicle is a general purpose item of equipment which primarily is utilized as a means of transportation. Practically any vocation in which mankind engages requires transportation of some sort. However, the fact that one is required to transport himself or property from one place to another does not, without more, make that means of transportation a tool or implement of the trade. For instance, the liberal view concerning exemptions has prevailed in Texas. Texas law (as does the Bankruptcy Code and the law of many other states) provides for an exemption in motor vehicles separate and apart from the exemption in tools and implements of trade. Texas courts have declined to exempt large and complicated motor propelled trucks and trailers as exempt tools or apparatus of the trade or business of transporting merchandise for hire. *McMillan v. Dean,* 174 S.W.2d 737, 740 (Tex.Civ.App.— Austin 1943, writ ref'd Want Merit). However, in the rare instance where the motor vehicle is so involved in the trade that it could not reasonably be carried on without that motor vehicle the Texas courts have permitted the exemption as a tool of trade. *See In re Sisemore,* 5th Cir.1979, 602 F.2d 742, where a jeep used as a tractor in landscaping, in mowing the grass, and in maintaining large areas of hedges and flowerbeds was properly exempted by a landscape gardener. I recognize that the debtor is claiming exemptions under federal law and not under Texas law. However, the above examples are shown to demonstrate that a considerable issue exists as to whether in any event a motor vehicle is an exempt tool of trade.

It is not necessary to enter the two above described maelstroms to determine the issue in this case. The debtor's complaint can be resolved on the facts, and thus the legal issues, and issues of mixed fact and law, are pretermitted.

No evidence was adduced at the trial as to the precise nature of the debtor's employment at the time the certificate of title lien was reserved by Home Federal Savings and Loan Association. Normally the date upon which the bankruptcy petition is filed is the relevant date for determi-

nation of exemption issues. Arguably, however, the employment at the time the challenged lien was impressed could also be germane. In any event, at the time the petition in bankruptcy was filed and the exemption claimed the debtor was employed as a house mechanic by the Coca-Cola Bottling Company. Although the evidence was not clear on the point it is assumed that, as a mechanic, he was required to furnish his own mechanic's tools. His employment requires that on occasion he must go to the road site where a disabled Coca-Cola truck is located and to make repairs. On those occasions he must transport his mechanic's tools to the job site and it is more expedient to transport the tools in a truck than in an automobile. On occasion he uses his truck to tow in a disabled Coca-Cola truck, notwithstanding the fact that the employer has other equipment available for that purpose. Also, he uses the truck to commute between his home and his place of employment.

The debtor has not shown that the 1975 Ford pickup truck is a reasonably necessary tool or implement of his trade[1] as an automobile mechanic. While it is properly exempted under the "wild card" provisions of § 522(d)(5), it is not a tool or implement of the debtor's trade.

It is, therefore, ORDERED by the Court that the nonpossessory, nonpurchase money lien held by Home Federal Savings and Loan Association (formerly conducting business under the name and style of Grand Island Trust Company), against the debtor's mechanic's tools, be, and it is hereby, avoided, set aside, and held for naught.

It is further ORDERED by the Court that the complaint to avoid lien on a 1975 Ford pickup truck filed by the debtor, Leon Orville Maricle, against Home Federal Savings and Loan Association (formerly conducting business under the name and style of Grand Island Trust Company) be, and it is hereby, denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk is directed to file this Memorandum and Order and to furnish a copy to the attorneys of record.

---

1. In fact the debtor did not claim the exemption as a tool of trade under § 522(d)(6). However, had he actually so claimed the truck as an exempt tool of trade in his schedules, the result in this case would have been the same.