Kenneth Bruce MIDDLETON, and Lynda Anne Middleton, Appellants,

v.

FARMERS STATE BANK OF FOSSTON, Appellee.

Civ. No. 4–84–114.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 13, 1984.

John A. Winters, Crookston, Minn., for appellants.

Edwin M. Odland, Erickson, Erie, Oldland, Fitzgerald & Reynolds, Crookston, Minn., for appellee.

MILES W. LORD, Chief Judge.

I.

Appellants bring this appeal of an adverse bankruptcy ruling pursuant to 28

U.S.C. § 1334. Part VIII of the Bankruptcy Rules governs such appeals. The appeal must be brought in the federal judicial district in which the bankruptcy court is located. 28 U.S.C. § 1408. Rule 8013, of the Rules of Bankruptcy Procedure, controls the standard of this court's appellate review power.

## II.

The present dispute arises out of appellants' bankruptcy filing which left appellants' farm loans from appellee less than fully satisfied. Appellants moved to Fosston, Minnesota, in 1974 and began to farm. From 1974 through 1982 appellee and appellants interacted in numerous loan transactions. At the time of their filing for bankruptcy, appellants owed appellee approximately $69,000.

On March 11, 1983, appellants filed a Chapter 7 joint petition of bankruptcy in the United States Bankruptcy Court for the District of Minnesota. On May 24, 1983, appellants filed a Complaint seeking to avoid an alleged nonpossessory, nonpurchase money security interest in certain farm machinery exempted by appellants as "implements, professional books, or tools, of the trade of the tradesman debtor." *See generally* 11 U.S.C. § 522. In particular, appellants sought to avoid appellee's bank lien on $10,000 worth of farm equipment pursuant to § 522(f)(2)(B). Each appellant claimed $750· as exempt under 11 U.S.C. § 522(d)(6) and $4,250 under 11 U.S.C. § 522(d)(5).

On June 4, 1983, both parties participated in an auction for the contested farm equipment. Thereafter, appellee held the proceeds from the auction in escrow until judicial resolution of the dispute. The farm equipment brought $10,938 at auction with costs being $1,609.54.

On November 11, 1983, a bankruptcy judge conducted a court trial resulting in a dismissal of appellants' Complaint on December 19, 1983. 37 B.R. 36. The bankruptcy judge first held that the appellee's

security interest was not a nonpossessory, nonpurchase money security interest. Secondly, the bankruptcy judge allowed the provisions of sections 522(d)(1) and (5) to be "spilled over" and applied to any property of the debtor including "tools and implements of the trade." However, the bankruptcy judge then went on to hold that the Federal Bankruptcy Act intended only small tools and implements, "which have little if any resale value", to be "tools and implements of the trade." Thus, the bankruptcy judge did not allow appellants to exempt or avoid their farm machinery as "tools of the trade" under 11 U.S.C. § 522.

On January 5, 1984, appellants requested, and the court granted, an extension of time to file an appeal. On January 16, 1984, appellants filed this appeal in Federal District Court from a final order of the bankruptcy court.

## III.

On appeal, the issue before this court is whether for the purposes of exemption and avoidance the 11 U.S.C. § 522 definition of "implements, professional books, or tools, of the trade of the debtor" includes large farm equipment. Because the bankruptcy court held that 11 U.S.C. § 522(d)(1) and (5) applies to any debtor property including "tools and implements of the trade," the potential value of nonhousehold avoidance under 11 U.S.C. § 522(f)(2) is substantial. [$7,500 (§ 522.d.1) + $400 (§ 522.d.5) + $750 (§ 522.d.6) = $8,650 (per spouse) × 2 = $17,300 (per family) ]. Thus, the resolution of this dispute is of significance to creditor and debtor alike.

Before discussing the merits of appellants' appeal, it is important to note the trend of cases interpreting the Federal Bankruptcy Act, 11 U.S.C. § 522 (1978). Older cases, without precedents, tended to construe the Act narrowly. *E.g., In Re Sweeney*, 7 B.R. 814 (Bkcy.E.D.Wis.1980). *See also In Re Yparrea*, 16 B.R. 33 (Bkcy. D.N.M.1981); *In Re O'Neal*, 20 B.R. 13 (Bkcy.E.D.Mo.1982). *Cf. In Re Pommerer*, 10 B.R. 935 (Bkcy.D.Minn.1981). More recent cases read the Act more broadly. *E.g., Augustine v. U.S.*, 675 F.2d 582 (3rd Cir.1982). *See also In Re Currie*, 34 B.R.

745 (D.C.Kan.1983); *Matter of Decker*, 34 B.R. 640 (N.D.Ind.1983); *In Re Yoder*, 32 B.R. 777 (W.D.Penn.1983). *Cf. In Re Metzig*, 33 B.R. 620, 11 B.C.D. 77 (Bkcy.N.D. Tex.1983). Thus, case support exists for either a broad or narrow interpretation of the Act. As a practical matter, a narrow construction punishes the farmer for being inadvertently dependent on expensive tools of the trade as compared to other trades more dependent on smaller hand tools. Therefore, because of the equitable nature of the bankruptcy court, which prevents the presentation of emotional fact situations to a jury, this court adopts a broad standard of review for 11 U.S.C. § 522. By so doing, this court attempts to fulfill one of the expressed intentions of the framers of the Act of giving debtors a "fresh start." *Augustine*, 675 F.2d at 584, *citing* H.Rep. No. 95–595, 95th Cong., 1st Sess. 126 (1977).

The right to claim an exemption or an avoidance depends upon the status of the claimant at the time the Complaint is filed. In the present case, the court must determine whether the appellants were farmers at the time they filed their Complaint. Such a determination is subjective and is satisfied in one of two ways. First, the appellants can show that at the time of filing their Complaint they still farmed. Alternatively, appellants can show that, irrespective of their occupation at the time of filing their Complaint, they intended to continue farming at some point in the future. *See, e.g., In Re Pommerer*, 10 B.R. 935 (Minn.1981).

After establishing that appellants are farmers, the next step requires a determination of whether, for the purposes of exemption and avoidance, the items in question are "tools" or "implements" of the debtor's trade. This, in turn, involves two considerations. First, are the disputed items commonly understood as "tools" or "implements" of the debtor's trade. If yes, then the second consideration addresses whether the contested "tools" or "implements" are commonly used by persons employed in the debtor's trade. *See, e.g., In Re Jaeger*, Bky. No. 3–82–2254, ADV. No. 82–0592 (St. Paul Minn. May 10, 1982)

Thus, this court determines that large farm equipment is exemptable and avoidable upon a proper showing of the standards set out herein. In keeping with this holding, this court remands this case to the bankruptcy court for a determination of (1) whether appellants are farmers (either that they were farming at the time they filed their Complaint or that they intended to farm again in the future) and (2) which of the disputed items are commonly understood to be farm "tools" or "implements" and (3) which of the disputed farm "tools" or "implements" are commonly used by persons employed in the debtor's trade. If, upon remand, the bankruptcy court determines that appellants' claim satisfies these three elements, appellants may avoid appellee's security interest pursuant to 11 U.S.C. § 522(f)(2)(B). IT IS SO ORDERED.