In re Bankruptcy of Philip J. NOWAK and Kristen K. Nowak, Debtors.

The BANK OF EDGAR, Appellant,

v.

Philip J. NOWAK, Respondent.

Bankruptcy No. WF7–84–00745.

No. 84–C–822–5.

United States District Court,
W.D. Wisconsin.

Dec. 11, 1984.

Thomas W. Batterman, of Terwilliger, Wakeen, Piehler, Conway & Klingberg, Wausau, Wis., for appellant.

Robert F. Dopkins, Wausau, Wis., for respondent.

## ORDER

SHABAZ, District Judge.

This is an appeal by the Bank of Edgar from an order of the Bankruptcy Court for the Western District of Wisconsin, the Hon. William H. Frawley, United States Bankruptcy Judge, presiding, avoiding the Bank's lien on the 1980 Oldsmobile Cutlass automobile of debtor Philip Jerome Nowak. 43 B.R. 545.

In light of the findings made by the Bankruptcy Judge, this Court must conclude that the 1980 Oldsmobile Cutlass, Number 3R47FAR509920, as described in Schedule B–2, Personal Property of the debtor's bankruptcy schedule, is a motor vehicle.

A debtor may avoid a lien to the extent it impairs an exemption if the lien is a non-possesory, non-purchase money security interest in any of those items listed in 11 U.S.C. § 522(f)(2)(A), (B) or (C).

The debtor claims his automobile is not a motor vehicle, but instead, generically speaking, a tool of his trade. This creativity is for our legislative branch. Congress could certainly have provided an exemption for an automobile or motor vehicle used in the debtor's trade or business. Instead, 11 U.S.C. § 522(d)(2) provides an exemption not to exceed $1,200 in value, in one motor vehicle.

An automobile cannot be considered a tool of trade.

Without further comment, perhaps there are some who may suggest that a cab-tractor is, indeed, a "tool of the trade," *Matter of Pockat,* 6 B.R. 24 (W.D.Wis.1980), and perhaps there are others who could be convinced that a specialized van used for the buffing of floors and installed with specialized equipment could be a "tool of the trade," *In re Dempsey,* 39 B.R. 561 (E.D. Penn.1984). And finally, again without comment, farm implements may be considered tools or implements commonly used by persons employed in the debtor's trade, *Middleton v. Farmers State Bank of Fosston,* 41 B.R. 953 (D.C.1984). This Court, however, believes that its imagination will not allow it to envision a 1980 Oldsmobile Cutlass as being anything other than a motor vehicle.

The reasoning set forth *In re Sweeney,* 7 B.R. 814 (E.D.Wis.1980) is more helpful, where the bankruptcy judges reason as follows:

A close inspection of subsections (2)(A), (B) and (C) of § 522(f) shows that the

property described therein and subject to its terms is identical, word for word, to the property exemptions granted in § 522(d)(3), (4), (6) and (9). Having in mind the congressional purpose as set out above, we believe that the impact of § 522(f) should be limited to those particular categories of exempted property, and that as so limited, the section is constitutional. For example, in some cases, the section has been applied to a motor vehicle, which has been found to be a "tool of the trade" of the debtor. We would not apply it in that fashion. As Congress has specifically and separately exempted motor vehicles in § 522(d)(2), we would not include them in the property described in § 522(d)(6). Similarly, we do not believe that Congress intended that the so-called wild card exemptions of § 522(d)(1) and (5) should be subject to the lien avoidance provisions of § 522(f). The well-known rule that exemption statutes are to be liberally construed has been mentioned in a number of the decisions dealing with the validity of § 522(f), but it is important to remember that the direct thrust of the section in question deals not with the granting of exemptions, but with the *avoidance of liens.*

This Court believes that the more restrictive interpretation rather than the broad one requested by debtor is appropriate. Were Congress to allow the avoidance of a lien against a motor vehicle, it could certainly have drawn upon its expertise to have said so. It did not, and accordingly this Court will not expand its clear intention to treat automobiles as motor vehicles, particularly where to treat them as tools in trade would allow a complete avoidance of a non-possessory, non-purchase money security interest by virtue of 11 U.S.C. § 522(f).

The debtor is entitled to no more than a $1,200 exemption.

Accordingly,

## ORDER

IT IS ORDERED that the Order of the Bankruptcy Court avoiding the lien of the Bank of Edgar on the 1980 Oldsmobile Cutlass automobile of debtor is REVERSED.