**In re Michael & Sherry TRAINER, Debtors.**

**Bankruptcy No. 84–01020–C2–4.**

United States Bankruptcy Court,
S.D.  Texas,
Corpus Christi Division.

Oct. 30, 1985.

Patricia Constant, Corpus Christi, Tex., for Albany State Bank.

Jan Shephard, Corpus Christi, Tex., for debtor.

Gary Knostman, Fulton Beach, Tex., trustee.

## Memorandum Opinion

R.F. WHELESS, Jr., Bankruptcy Judge.

In this action the debtors seek to set aside and avoid the Albany State Bank's claim of lien to a 1977 Mack truck and a 1980 Temple Hopper trailer under the provisions of § 522(f)(2)(B). The debtor argues that the truck and trailer constitute a tool of the debtor's trade.

The debtors herein filed a joint petition commencing this Chapter 7 proceeding on May 14, 1984.

Included in the schedule of their property is a 1977 Mack truck and a 1980 Temple Hopper trailer which, according to Mr. Trainer, is necessary for his use in his occupation as an independent over-the-road trucker. For the last 10 years Mr. Trainer has been engaged in that trade or occupation and this produces the only source of income to support himself and his wife and children.

The debtors estimate the market value of the truck and trailer to be approximately $18,000.

Albany State Bank has a non-possessory, non-purchase money security interest on the truck and trailer (along with some other items). The amount of the indebtedness to the bank is approximately $60,000.

The debtors claim the truck and trailer to be exempt under 11 U.S.C. § 522(d)(5) and (6). In this proceeding, the debtors seek to avoid the bank's lien to the extent of the value claimed exempt pursuant to U.S.C. § 522(f)(2)(B), by claiming that the truck and trailer are implements of the debtors' trade.

Since the effective date of 11 U.S.C. § 522 there have been a number of cases resulting in conflicting holdings on the question of whether or not a vehicle can be a tool of a trade. This was pointed out by Judge Brister of the Northern District of Texas in the case of *In re Maricle*, 25 B.R. 36 (1982). However, in the opinion of this Court, Judge Brister was mistaken in the text of his opinion, wherein he concluded that the 5th Circuit had ruled that a jeep used in connection with "maintaining large areas and landscape, hedges, flower beds and mowing grass" was exempt as a tool of a trade in the case of *In re Sisemore*, 602 F.2d 742 (5th Cir., 1979). The *Sisemore* court did hold the jeep to be exempt, but it did not do so under the Texas Statute exempting tools of the trade. The involved Texas Statute was Article 3836, but the Court ruled the jeep to be exempt under sub-part 3 as one of two means of travel (which are exempt under that subsection) but not under sub-part 2 of that Article as a tool of the trade.

The Texas Statute is not involved in this case; only the Federal Statute 11 U.S.C. § 522(f). However, since Congress did not define "tools of the trade" it would seem that the ordinary meaning of the term is to be employed. In this regard, the interpretations of other jurisdictions can be looked to for whatever persuasive effect they might have.

While Judge Brister in the *Maricle* case may have implied that a vehicle could be a tool of the trade under certain circumstances, he did not actually hold this. It seems to this Court that he left the question open somewhat.

Judge Benjamin Franklin of Kansas City, Kansas has determined that a vehicle can be a tool of a trade under certain circumstances. *See In re Frierson*, 15 B.R. 157 (Bkrtcy.D.Kan.1981) and *In re Currie*, opinion adopted by the District Court at 34 B.R. 745 (D.Kan.1983).

The District Court for the Western District of Louisiana held in the *Matter of Hanks*, 11 B.R. 706 (1977), that a dump truck was exempt as a tool of a trade under *Louisiana* law.

There have been other such cases holding that a vehicle of some type can be a tool of a trade.

On the other hand, there have been cases which have held that motor vehicles do not fall within the provisions of 11 U.S.C. § 522(f), including *In re Nowak*, 48 B.R. 290 (W.D.Wis., 1984); *In re Tofstad*, 19 B.R. 34 (Bkrtcy.D.N.Dak.1982); *In re Sweeney*, 7 B.R. 814 (Bkrtcy.E.D.Wis.1980)

and the *Matter of Meyers,* 2 B.R. 603 (Bkrtcy.E.D.Mich.1980).

■ This Court is persuaded in part by the reasoning of the Texas Court of Appeals in *McMillan v. Dean,* 174 S.W.2d 737 (Tex.Civ.App.—Austin 1943) in holding that the better rule is that a truck (and/or a trailer) is not a tool or implement of a trade. Such would therefore not exempt under 11 U.S.C. § 522 nor would a non-purchase money, non-possessory lien thereon be avoided by 11 U.S.C. § 522(f). The Texas Court was passing on the Texas Exemption Statute, but the language of that Statute in this regard is essentially identical to the corresponding provision in 11 U.S.C. § 522.

In that case, McMillan owned four trucks and trailers which he used in connection with his business under permits issued by the Railroad Commission of Texas and the Interstate Commerce Commission. He was engaged in the business of hauling or transporting for hire cattle, livestock, wool, mohair and feed. McMillan sued to enjoin the sheriff and others from selling the involved trucks and trailers under a writ of execution. He claimed them as tools or apparatus of his trade and therefore exempt under the Texas Exemption Statute.

The *McMillan* Court reasoned that a "tool or apparatus belonging to a trade" did not extend to articles or things merely *useful* to a trade or profession and that the exemption statute was not intended to encompass general commercial pursuits which require no particular skill in the use of tools or apparatus. The Court further reasoned that if such trucks were exempt any number of such trucks owned by a debtor would be exempt. This would likewise be true of other large and complicated machinery.

However, not withstanding the persuasive reasoning of the *McMillan* Court, the essence of this Court's holding in this case is that the U.S. Congress did not intend to include large trucks and trailers used in the hauling of goods as "tools of a trade" within the meaning of 11 U.S.C. § 522(f). Had the Congress intended the result requested by these debtors, the Con-gress could, and *would,* have said so by specific terms and included the means of transportation by name, i.e. "truck, trailer or vehicle" within the terms of 11 U.S.C. § 522(f). Trucks and trailers are generic names in their own right which were obviously known to the Congress. That Congress did not use this language is persuasive to this Court that the Congress intended to omit such types of paraphernalia from 11 U.S.C. § 522(f). To allow this debtor's claim could have the result of playing havoc with non-purchase money financing on all kinds of equipment used by an individual in his business. The threat of potential bankruptcy and lien avoidance under § 522(f) would severely restrict such non-purchase money financing. The legislative history does not support the conclusion that Congress intended such drastic results.

■ The legislative history of § 522(f) indicated that the drafters of the Code enacted the lien avoidance of that section primarily to prevent over reaching creditors who take security interest in debtor's household goods and small hand tools from repossessing or threatening to repossess that property which has little realizable market value upon repossession and sale by the creditor, but high replacement cost for the debtor who needs the item. The theory behind the provision is that there is no real harm to the creditor because the collateral has insignificant resale value and, therefore, no *real* collateral value, and the enactment of the provision was, therefore, not a significant taking of any property from the creditor and was within constitutional bounds. H.Rep. No. 95–595, 95th Cong.2nd Sess. (1978) 127 U.S.Code Cong. & Admin.News pp. 5787, 6088.

That Congress intended the lien avoidance provisions to apply only to property of relatively insignificant value is further supported by the Code exemption limitation of "implements" or "tools" of trade in the amount of $750.00 (11 U.S.C. § 522(d)(6)). That monetary limitation could cover an abundance of small hand tools or implements, but without limitation Congress

could not have intended that it apply to a Mack truck and a trailer worth approximately $18,000. See *In re Nowak, supra* and *In re O'Neal,* 20 B.R. 13 (Bkrtcy, E.D. Mo., 1982).

This Court therefore declines to hold that a truck is a tool or apparatus of a trade.

In making this ruling, the Court is mindful of the ruling of the Fifth Circuit in *Meritz v. Palmer,* 266 F.2d 265 (1959), that an exemption as a tool or apparatus of a trade is not denied merely because the tool or apparatus is power driven or because the trade is not conducted by *artisans.*

Counsel for Albany State Bank is requested to prepare and present an order consistent with this opinion.