**In re Richard Laverne WEISS and Phyllis Carole Weiss, d/b/a Weiss Harvesting, Debtors.**

**Bankruptcy No. 288–20043–7.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Nov. 8, 1988.

Qlo Crum, Amarillo, Tex., for debtors.

R.C. Hamilton, Amarillo, Tex., for Trustee.

## MEMORANDUM OF OPINION ON DEBTORS' CLAIM OF VEHICLES AS EXEMPT TOOLS OF THE TRADE

JOHN C. AKARD, Bankruptcy Judge.

On February 1, 1988 Richard Laverne Weiss and Phyllis Carole Weiss (Debtors) filed for relief under Chapter 7 of the Bankruptcy Code. Mr. Weiss listed his occupation as self-employed custom harvester. Mrs. Weiss listed her employment as student. He continues to work in the custom harvesting business. In their Schedules the Debtors selected the state exemptions pursuant to § 522(b)(2) of the Bankruptcy Code.[1] The Trustee–in–Bankruptcy filed an objection to their claimed exemptions.

■ Tex.Prop.Code Ann. § 42.001 (Vernon, 1988) provides that a family may exempt personal property having a fair market value of not more than $30,000.00. To the extent that there are liens on the property, the property is not exempt and, thus, only the Debtors' equity in the property is used in calculating the $30,000.00 value. *Allen v. Hale Co. State Bank (In re Allen),* 725 F.2d 290 (5th Cir.1984); *In re Anthony,* 2 T.B.C.R. 280 (Bankr.S.D.Tex. 1988). The property eligible for this exemption is listed in Tex.Prop.Code Ann. § 42.002 (Vernon 1984), a copy of which is attached.

In their amended claim of exemptions filed April 6, 1988, the Debtors valued the following vehicles and claimed them as exempt as tools of the trade under Tex.Prop. Code Ann. § 42.002(3)(B) (Vernon 1984):

| | |
|---|---|
| 1971 Chevrolet Pickup | $ 500.00 |
| 1976 Combine Trailer 6046 | 1,200.00 |

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

| | |
|---|---:|
| 1976 Cornhead Trailer 6503 | $500.00 |
| 1976 Mac Truck | 8,500.00 |
| 1976 Mac Truck | 8,500.00 |
| 1977 Combine Trailer 7742 | 2,500.00 |
| 1980 Cadillac [2] | 0.00 |
| 1984 Corbin Pup Trailer | 4,000.00 |
| Fuel Trailer | 150.00 |
| TOTAL | $25,850.00 |

## DISCUSSION

Since the Debtors claimed the Texas exemptions, the Court must look to Texas cases for guidance. In Texas, case law is divided into two conflicting lines of authority; one representing a restrictive and the other a liberal interpretation of the exemption statute—although the more recent cases espouse the liberal view. *England v. First National Bank of Bonham (In re England)*, 22 B.R. 389, 390 (Bankr.N.D. Tex.1982). The Texas Supreme Court took the liberal view in *Hickman v. Hickman*, 149 Tex. 439, 234 S.W.2d 410 (1950), and the Fifth Circuit also took a liberal stance in *Meritz v. Palmer (In re Meritz)*, 266 F.2d 265 (5th Cir.1959).

■ Research disclosed only one Texas case dealing with motor vehicles claimed as exempt under the tools of the trade provisions of the statute. It is *McMillan v. Dean*, 174 S.W.2d 737 (Tex.Civ.App.—Austin 1943, writ ref'd w.o.m.). Mr. McMillan operated a trucking business and claimed three truck/trailer combinations as exempt tools of the trade. The Court pointed out that means of transportation were otherwise exempted in the statute and stated: "It was not intended by the Legislature to exempt three more trucks and trailers by merely calling them tools or apparatus of trade or business." *Id.* at 739.

With respect to the liberal construction of the exemption statutes, the *McMillan* Court said:

In the second place, the trial court also correctly concluded that the three large

and expensive motor propelled trucks and trailers were not "tools or apparatus belonging to a trade" within the meaning of that term as used in [the exemption statute]. It is true that this term or language is general in nature and must be liberally construed to effectuate the purpose of the statute, but the exemption does not extend to articles or things useful to a trade or profession. The statute includes only such tools or apparatus as belong to a trade or profession, and does not include things that might be beneficial to the carrying on of any trade or profession.

*Id.* at 739–40.

In construing the tools of the trade exemption under the federal statute, some courts have allowed motor vehicles as exempt while others have not. *See, e.g., In re Trainer*, 56 B.R. 21 (Bankr.S.D.Tex. 1985). The *Trainer* Court found the reasoning in *McMillan* persuasive and denied the exemption of a truck as a tool of the trade under the federal statute.[3]

The Debtor asserted that the inclusion of a boat with tools, equipment, books, and apparatus used in a trade or profession means that trucks and motor vehicles should also be included, pointing out that fishing boats can be large and expensive. Boats are not otherwise mentioned in the Texas exemption statute and, consequently, it would be appropriate to mention a fisherman's boat along with tools of the trade. However, the Legislature provided for two categories of means of travel, whether or not held for the production of income (and did so for many years prior to including a boat in the exemptions). Tex.Prop.Code Ann. § 42.002(4) (Vernon 1984). The categories from which the Debtors may select include an automobile, various types of trucks and a truck trailer. Therefore, the Debtors must select from the list which the

---

**2.** The Debtors' schedules indicate that the FDIC as Receiver of West Texas State Bank holds a lien on the Cadillac as part of the security for a large indebtedness which far exceeds the value of the collateral.

**3.** The Court found no other Texas cases dealing with the exemption under the federal statute.

Dictum indicating that a vehicle may be a tool of the trade in *Maricle v. Home Federal Savings & Loan Association (In re Maricle)*, 25 B.R. 36 (Bankr.N.D.Tex.1982) based on *Newbern v. Sisemore (In re Sisemore)*, 602 F.2d 742 (5th Cir. 1979) appears to be improperly based. *Trainer, supra*, at 22.

Legislature provided and may not claim vehicles as tools of the trade.

█ In addition to the automobile, two large trucks and a pickup, the Debtors claimed five trailers as exempt. The use of those trailers in the Debtors' business was not explained at trial, but it does appear that they would be useful to that business. The exemption does not cover everything that is useful in a business but only items that are peculiarly adapted to a trade or profession. *McMillan, supra,* at 739; *Segraves v. Weitzel,* 734 S.W.2d 773 (Tex.Civ. App.—Fort Worth 1987, no writ). Therefore, the trailers are not allowed as exempt tools of the trade.

Having reached this conclusion, it is not necessary for the Court to discuss the Trustee's argument that custom harvesting does not constitute a trade or profession under the Texas exemption laws.

ORDER ACCORDINGLY.[4]

### ATTACHMENT

### TEXAS PERSONAL PROPERTY EXEMPTIONS

*Texas Property Code—Chapter 42*

Section 42.001. *Personal Property Exemption*

(a) Eligible personal property that is owned by a family and that has an aggregate fair market value of not more than $30,000 is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property.

(b) Eligible personal property that is owned by a single adult who is not a member of a family and that has an aggregate fair market value of not more than $15,000 is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property.

(c) The exemption provided in this section does not apply to a debt that is secured by a lien on the property or that is due for rents or advances from a landlord to the landlord's tenant.

Section 42.002. *Personal Property Eligible for Exemption*

The following personal property is eligible for the exemption:

(1) home furnishings, including family heirlooms;

(2) provisions for consumption;

(3) if reasonably necessary for the family or single adult:

(A) farming or ranching implements;

(B) tools, equipment, books, and apparatus, including a boat, used in a trade or profession;

(C) clothing;

(D) two firearms; and

(E) athletic and sporting equipment;

(4) if not held or used for production of income, passenger cars and light trucks as defined by Section 2, Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), or, whether or not held for the production of income, two of the following categories of means of travel:

(A) two animals from the following kinds with a saddle and bridle for each;

(i) horses;

(ii) colts;

(iii) mules; and

(iv) donkeys;

(B) a bicycle or motorcycle;

(C) a wagon, cart, or dray, with reasonably necessary harness;

(D) an automobile;

(E) a truck cab;

(F) a truck trailer;

(G) a camper truck;

(H) a truck; and

(I) a pickup truck;

(5) the following animals and forage on hand reasonably necessary for their consumption;

(A) 5 cows and their calves;

(B) 1 breeding age bull;

---

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.

(C) 20 each of hogs, sheep, and goats;

(D) 50 chickens; and

(E) 30 each of turkeys, ducks, geese and guineas;

(6) household pets;

(7) the cash surrender value of any life insurance policy in force for more than two years to the extent that a member of the insured person's family or a dependent of the single person claiming the exemption is a beneficiary of the policy; and

(8) current wages for personal services.