In re William Bruce & Sharon Kay
**SUGAREK, Debtors.**

**Bankruptcy No. 89–01251–C–7.**

United States Bankruptcy Court,
S.D. Texas,
Corpus Christi Division.

June 26, 1990.

Jan L. Shephard, Corpus Christi, Tex., for debtors.

Diane W. Putnam, Corpus Christi, Tex., for objector.

## OPINION

RICHARD S. SCHMIDT, Bankruptcy Judge.

Before the Court is the Objection to Exemption and Opposition to Debtors' Motion to Avoid Liens. The Debtors, William Bruce Sugarek and Sharon Kay Sugarek, are farmers and filed a joint petition under Chapter 7 on August 7, 1989. Pursuant to 11 U.S.C. § 522(b)(1) the Debtors have chosen the federal exemptions and have claimed as exempt implements and tools of trade under § 522(d)(6): one (1) International Harvester Disc, one (1) John Deere Planter, and one (1) 4849 John Deere Tractor. Jointly, the Debtors' aggregate interest in property under § 522(d)(6) is $1,500. When incorporated with the spillover provision of § 522(d)(5), this amount is raised to $9,800.00. The Objector, State Bank and Trust Company ("State Bank"), holds a first lien security interest on these items in the amount of $248,477.00. Debtors now seek to avoid this lien in the amount of $9,800.00.

11 U.S.C. § 522(f)(2)(B) provides that a Debtor may avoid a nonpossessory, nonpurchase money lien which impairs an exemption in "implements, professional books, or tools, of the trade of the debtor ...". State Bank urges that large items of farm equipment should not be considered "implements" or "tools of the trade" within the meaning of 11 U.S.C. § 522(f)(2)(B).

■■■ Congress did not define "tools of trade." Therefore, the ordinary meaning of the term should be employed. A review of interpretations of the term from other jurisdictions reveals a split of authority on this issue. Some courts have held that § 522(f)(2)(B) applies only to hand tools and small implements with nominal commercial resale value: *In re Sweeney*, 7 B.R. 814, 818–819 (Bankr.E.D.Wisc.1980) (lien avoidance subject to value limitation); *In re O'Neal*, 20 B.R. 13, 15–17 (Bankr.E.D.Mo. 1982) ("implements" avoidance limited to small implements); *In re Yparrea*, 16 B.R.

33, 34 (Bankr.D.N.M.1981) ("tools of the trade" and "implements" avoidance in § 522(f)(2) limited to $750 value in § 522(d)(6)). Other courts have allowed tractors and large farm implements to be subject to the avoiding power of § 522(f)(2)(B): *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982) (Allis–Chalmers tractor valued at $6,500. subject to lien avoidance since Congress aware that such tools are more expensive than ordinary household goods); *In re Liming*, 797 F.2d 895, 899–901 (10th Cir.1986) (the $750 value limitation on federal implements did not apply to state law exemption, thus a farm tractor worth $30,000 was a protected "implement"); *In re Seacord*, 7 B.R. 121, 123–124 (Bankr.W.D.Mo.1980) ("implements" avoidance in § 522(f)(2) includes large equipment under state law exemption without regard to value); and *Middleton v. Farmers State Bank of Fosston*, 41 B.R. 953, 955 (D.Minn.1984) (large farm equipment subject to lien avoidance to fulfill express purpose of Bankruptcy Act).

In *In re Trainer*, 56 B.R. 21 (Bkrtcy.S.D. Tex.1985), Chief Judge R.F. Wheless, Jr. considered the avoidability of a bank lien on a 1977 Mack Truck and a 1980 Temple Hopper Trailer and held as follows:

> ... the essence of this Court's holding in this case is that the U.S. Congress did not intend to include large trucks and trailers used in the *hauling of goods* as 'tools of a trade' within the meaning of 11 U.S.C. § 522(f). Had the Congress intended the result requested by these debtors, the Congress could, and would, have said so by specific terms and included the means of transportation by name, i.e. 'truck, trailer or vehicle' within the terms of 11 U.S.C. § 522(f). Trucks and trailers are generic names in their own right which were obviously known to Congress. That Congress did not use this language is persuasive to this Court that the Congress intended to omit such types of paraphernalia from § 522(f). *Id.* at 23. (emphasis added).

While trucks may be "generic names in their own right," under any historical or common sense understanding of the term, a tractor is a necessary "implement" of a

farmer's trade. See *In re Liming*, 797 F.2d 895, 901 (10th Cir.1986).

In *Trainer*, the debtor-trucker elected the § 522(b)(1) federal exemptions and then under § 522(f)(2)(B) sought to avoid a lien on his Mack Truck, claiming it as exempt under § 522(d)(5) & (6) because he used it as a tool of his trade in hauling commercial goods. The language of the corresponding section of the Texas Exemption Statute is essentially identical to 11 U.S.C. § 522(f) and although *Trainer* took the federal exemptions, Judge Wheless was persuaded by the reasoning of the Texas Court of Appeals in *McMillan v. Dean*, 174 S.W.2d 737 (Tex.Civ.App.–Austin 1943). The state court held that a truck is not a tool or implement of a trade because a "tool or apparatus belonging to a trade" did not extend to articles or things merely useful to a trade or profession. The *McMillan* court stated further that the state exemption statute was not intended to encompass general commercial pursuits which require no particular skill in the use of the tool of apparatus. While a Mack Truck may not be exempt and the lien not avoidable because it was "merely useful" to the trade of the debtor in *Trainer*, that case does not directly address the issue presented here and is therefore distinguishable. Further, the exemption statute discussed in *McMillan* provided a specific exemption for "implements of husbandry" which exemption has been interpreted to include tractors. *Wollner v. Darnell*, 94 S.W.2d 1225 (Tex. Civ.App.–Amarillo 1936).

Trucks are motor vehicles licensed by the State of Texas under a certificate of title. A federal exemption for one motor vehicle is allowed by § 522(d)(2). In order to preclude creative debtors from avoiding liens on more then one vehicle by bootstrapping motor vehicles in under the "tools of the trade" language, most courts have held that the common usage of the term "implements" and "tools of the trade" should not include motor vehicles. *See In re Tofstad*, 19 B.R. 34 (Bankr.D.N.D.1982), *In re Meyers*, 2 B.R. 603 (Bankr.E.D.Mich.1980), *In re Steele*, 8 B.R. 94 (Bankr.D.S.D.1980).

In *In re LaFond*, 791 F.2d 623, 627 (8th Cir.1986), the 8th Circuit found that lien avoidance is available on large pieces of equipment and not only on goods of little resale value. The Court held that:

> Congress, in setting the tools of the trade lien avoidance language in a separate subsection than that provided for household, personal, and family goods, intended that tools and implements could be of more than nominal resale value.... Congress could not have been totally unaware of the fact that many "tools" or "implements" of the trade are more expensive than ordinary household goods. The literal meaning of the tools of the trade subsection indicates an intention to allow avoidance of liens on large farm implements and tools, items necessary to a debtor-farmer's new beginning. *In re LaFond*, at 627.

While the legislative history indicates that § 522(f)(2)(A) was intended to provide avoidance from liens on small personal, household items that have little value to the creditor, other than coercing payment from the debtor, § 522(f)(2)(B) is designed to allow debtors "to make a fresh start after bankruptcy by the use of tools or implements necessary to enable him to pursue and make a living at his trade." *In re Duchesne*, 21 B.R. 390, 391 (N.D.N.Y.1982). Section 522(f)(2)(B) encompasses property which Congress envisioned as necessary to give substance to the concept of a fresh start. Eliminate such property and the debtor would be left financially fresh, but without a start. *In re LaFond* at 627.

While this decision may affect a farmer's ability to borrow by taking away the ability to use paid-for equipment as collateral for operating loans, most farmers have other sources of collateral, including crops and livestock. Furthermore, Congress did provide a value limitation in § 522(d) as the principle means for defining exempt property subject to the lien avoidance provision of § 522(f)(2)(B). The debtor's ability to avoid liens on large farm implements or tools is not limitless. Here the maximum value for tools of the trade that the joint debtors may avoid is $9,800.

The International Harvester Disc, the John Deere Planter and the 4849 John Deere Tractor are necessary for the operation of Debtors' farming business and, thus, farm implements or tools of trade under § 522(d)(6) and are within the lien avoidance provision of 11 U.S.C. § 522(f)(2)(B). Therefore, State Bank's Objection to Exemptions is DENIED and the Debtors' Motion to Avoid Lien is GRANTED.