## JAMES E. McDONNELL *v.* DOROTHY PENNINGTON AND AIRWAYS HOTEL, LIMITED.

### NO. 2892.

ARGUED JUNE 19, 1953.                    DECIDED JUNE 29, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is a suit in assumpsit wherein the plaintiff seeks to recover the sum of $3,250 alleged to have been loaned by him to the defendants. The complaint alleges that the defendant, Dorothy Pennington, being the principal stock-

holder in the defendant, Airways Hotel, Limited, and acting as its agent solicited and obtained from the plaintiff $4,400 for the use and benefit of the defendant. It alleges that both she and the other defendant are jointly and severally obligated to the plaintiff in the sum of $4,400, less $1,150 which defendants have paid, leaving the balance of $3,250 still due, owing and unpaid. A general denial was filed by both defendants. The case was tried before a jury and a verdict was rendered in favor of plaintiff and against one of the defendants, Airways Hotel, Limited.

Dorothy Pennington at the time of the alleged transaction had 200 shares in defendant corporation and her husband had 2470. The husband was president of the corporation and he and Dorothy Pennington, who occupied no official position, with the manager, Reynolds, apparently ran the business. It further appears that Dorothy's husband was without any assets and obviously Dorothy had purchased the stock and placed the same in his name rather than in her own to prevent it from being attached. Dorothy was the "angel" for the corporation, advancing money to it from time to time to meet its financial needs in the aggregate of $18,000. The corporation at the time of the alleged loan was in financial difficulties and in substance in the hands of a collection agency as a receiver for creditors upon an agreement to pay a certain sum for extinction of its debts each month.

According to plaintiff's testimony, Dorothy and the manager, Reynolds, came to his house and solicited the loan of money with which to meet the corporation's pressing bills, particularly to make payment on the taxes so as to secure a renewal of the liquor license. Plaintiff further testified that he was told by Dorothy and the manager, Reynolds, that if he would advance this money he would be floor manager of the cafe and could live at the hotel at

the expense of the hotel, and that the money would be repaid at the rate of $1500 per month out of the hotel's receipts. He stated that he did so move to the hotel and that afterwards he turned over the money to Dorothy and the manager, Reynolds, on April 18, 1950, in the office of the hotel in the presence of Wendell Brooks, a real estate agent who brought the money to him after selling his property. This was corroborated by Brooks. Plaintiff testified that at the time of the alleged loan Dorothy's husband, Pennington, was absent on the mainland and that Dorothy, with the aid of the manager, Reynolds, was in complete charge of the business.

According to plaintiff, Dorothy and the manager told him that they had used his money to catch up with company creditors. According to the bookkeeper, no loan appeared on the books as made by plaintiff, but on or about that date it did appear that Dorothy had loaned the company $3,000.

The defendant claimed that plaintiff failed to produce any evidence of the fact that the board of directors of Airways Hotel, Limited, authorized Dorothy Pennington, or anyone else, to borrow money from the plaintiff; that if Dorothy borrowed money without authority it was incumbent upon plaintiff to show that the board of directors of Airways Hotel, Limited, approved the unauthorized act by Dorothy Pennington. The defendant also claimed if the plaintiff claims ratification of an unauthorized act, the same should have been pleaded and defendant's defense efforts would have been entirely different.

To answer the last contention first, it is well settled that when charging a principal there is no necessity for alleging agency at all and it is proper to aver that an agent was duly authorized even though his authority consisted of subsequent ratification. (2 Am. Jur., Agency, § 438,

pp. 346, 347.) Further, if that were the only question involved, plaintiff could amend to conform to the proof at any state of the proceedings, including this court.

While the power to borrow money or to execute and deliver promissory notes is not lightly implied, it may be granted by express authority or flow as a necessary and inevitable consequence from the nature of the authority actually granted or by holding one out. Again, acceptance or retention of benefits of an unauthorized act of an agent is a ratification, so where a principal obtains the benefit of a loan procured by his agent acting without authority and the principal knowingly uses the sum received therefrom, the principal is liable to the lender. Where an agent obtains money and executes a note without authority in the principal's name and the principal retains the money so obtained, he thereby ratifies the act of the agent and he is liable. (2 Am. Jur., Agency, § 228, p. 183.) Even where a principal has no knowledge of money borrowed by an agent and used on his behalf in his business, the lender may have an equitable claim for the money so used.

Because there is no proof of any formal action by the board of directors, it does not necessarily follow that the action of Dorothy and the manager in borrowing and using the money was not authorized or ratified. At least the manager knew of the money being borrowed in behalf of the defendant and used in its business as he himself participated in the borrowing (and using) according to the testimony of the plaintiff.

Where the facts pertaining to the existence or nonexistence of an agency are conflicting or conflicting inferences may be drawn from the evidence, those are questions of fact for the determination of the jury, as also is the question of whether the facts in evidence show ratification. (2 Am. Jur., Agency, § 454, p. 359.)

While the evidence of the plaintiff and defendant was at variance and conflicting, and though the evidence of prior authorization or subsequent ratification may not be too strong, there is more than a scintilla of evidence and the verdict of the jury must be sustained.

*W. D. Ackerman, Jr.* (also on reply brief; *E. N. Sylva* on opening brief), for appellant Airways Hotel, Ltd.

*B. Houston* (also on the brief) for appellee.