NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: YOUNG HUI KIM, | No. 17-60088 |
| Debtor, | BAP No. 17-1066 |
| _____ | |
| YOUNG HUI KIM; GLORY OF GOD PRESBYTERIAN CHURCH; PACIFIC EAGLE REALTY, LLC, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| JULIA RIIHIMAKI, | |
| Appellee. | |

| | |
|---|---|
| In re: YOUNG HUI KIM, | No. 17-60089 |
| Debtor, | BAP No. 17-1137 |
| ------------------------------ | |
| YOUNG HUI KIM; GLORY OF GOD PRESBYTERIAN CHURCH; PACIFIC EAGLE REALTY, LLC, | |

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

                                 Appellants,

     v.

     JULIA RIIHIMAKI,

                    Appellee.

                       Appeal from the Ninth Circuit
                        Bankruptcy Appellate Panel
             Taylor, Lafferty III, and Brand, Bankruptcy Judges, Presiding

                       Submitted February 13, 2019**
                            Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

       Young Hui Kim appeals the bankruptcy court's orders, affirmed by the

Bankruptcy Appellate Panel, granting Julia Riihimaki's motion to enforce

settlement and motion for attorneys' fees. We affirm.

1.      We review the bankruptcy court's findings of fact for clear error. *In re Lee*,

889 F.3d 639, 644 (9th Cir. 2018). The bankruptcy court did not clearly err in

finding that Kim ratified the accepted counteroffer. *See McDonnell v. Pennington*,

40 Haw. 265, 268 (Haw. 1953) (ratification is a question of fact).

---

          **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pursuant to Hawaii Revised Statutes section 605-7, an attorney may only settle a case with the client's written authorization. However, "a settlement will be treated as binding even in the absence of the express written consent of the client where the client ratifies the settlement." *Cook v. Surety Life Ins., Co.*, 903 P.2d 708, 716 (Haw. Ct. App. 1995); *see also McKeague v. Freitas*, 40 Haw. 108, 113 (1953). "[R]atification may be express or it may be implied . . . depend[ing] on the facts of each particular case. Any failure on the part of the client to object to an unauthorized act within a reasonable time after becoming aware of it will be construed as a ratification of it." *Scott v. Pilipo*, 25 Haw. 386, 390 (1920) (quoting 6 Corpus Juris 670 (William Mack & William Benjamin Hale eds., 1916)).

The bankruptcy court found that Kim understood the terms of the counteroffer and orally authorized her attorney to accept it. The bankruptcy court also found that Kim met with her attorney on multiple occasions after the acceptance and discussed the accepted counteroffer but did not object within a reasonable time. Testimony in the record supports the bankruptcy court's finding that, "[g]iven her knowledge of and acquiescence in the ongoing settlement discussions and of the efforts that the attorneys were expending to negotiate and document the settlement, [Kim] waited an unreasonably long time to raise her

objections." Thus, the bankruptcy court did not clearly err in finding that Kim ratified the accepted counteroffer.

2. The bankruptcy court also did not err when it determined that Riihimaki was the prevailing party, because she won the disputed main issue—whether there was an enforceable settlement. *See In re Hoopai*, 581 F.3d 1090, 1102 (9th Cir. 2009). Thus, the bankruptcy court did not abuse its discretion in awarding attorneys' fees to Riihimaki pursuant to Hawaii Revised Statutes section 607-14. *Id.* at 1095.

**AFFIRMED.**