**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000120
25-NOV-2025
08:01 AM
Dkt. 69 SO**

NO. CAAP-23-0000120

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HAMAKUA COAST REALTY, INC.,
Plaintiff-Counterclaim Defendant-Appellant, v.
MAULUA INVESTMENTS, LLC, STEVEN H. SHROPSHIRE,
Defendants-Counterclaimants-Appellees,
and TERESA L. PREKASKI, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CASE NO. 3CCV-22-0000182)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Plaintiff-Counterclaim Defendant-Appellant Hamakua
Coast Realty, Inc. (**Hamakua**) appeals from the "Order Denying
. . . Hamakua['s] Motion for Summary Judgment" (**Order Denying
MSJ**) and the "Order Denying . . . Hamakua['s] Motion for
Reconsideration of Order Denying [MSJ]" (**Order Denying
Reconsideration**), both entered on February 7, 2023, in the
Circuit Court of the Third Circuit (**Circuit Court**).[1]

Defendant-Counterclaimant-Appellee Maulua Investments,
LLC (**Maulua**) is a member-managed Hawaiʻi limited liability
company that owns certain real property in Pāpaʻaloa, Hawaiʻi (the
**Property**).  Defendant-Counterclaimant-Appellee Steven H.
Shropshire (**Shropshire**) and Defendant-Appellee Teresa L. Prekaski
(**Prekaski**) are Maulua's sole members.  Hamakua is a licensed real
estate brokerage firm.

---

[1]     The Honorable Henry T. Nakamoto presided.

On April 8, 2021, Hamakua entered into an Exclusive Right-To-Sell Listing Contract (the **Listing Contract**) with Prekaski and Shropshire regarding the Property.  Hamakua was identified as the "Brokerage Firm" and Prekaski and Shropshire were identified as the "Seller."

On June 22, 2022, Hamakua filed a complaint against Maulua, Shropshire, and Prekaski (together, the **Maulua Defendants**), asserting claims for breach of contract and unjust enrichment arising out of the alleged breach of the Listing Contract and the alleged valuable services rendered by Hamakua to the Maulua Defendants.  On August 8, 2022, Maulua and Shropshire answered the complaint and asserted a counterclaim against Hamakua.

On September 8, 2022, Hamakua filed a motion for summary judgment (**MSJ**) as to all claims in the complaint and counterclaim.  Following a November 2, 2022 hearing, the Circuit Court orally denied the MSJ.  On November 4, 2022, Hamakua moved for reconsideration, which the Circuit Court orally denied on December 28, 2022.  On February 7, 2023, the Circuit Court entered the Order Denying MSJ and the Order Denying Reconsideration (together, the **Denial Orders**).

On February 17, 2023, the parties submitted a stipulation for an order granting leave to file an interlocutory appeal from the Denial Orders, which the Circuit Court approved and entered the same day.  On March 9, 2023, Hamakua filed a Notice of Appeal.  On December 26, 2023, on temporary remand, the Circuit Court entered an amended order granting leave to file an interlocutory appeal.

On appeal, Hamakua contends that the Circuit Court erred in concluding that disputed issues of material fact warranted the denial of the MSJ and the motion for reconsideration.[2]

---

[2]     "Under Hawaiʻi law, the denial of a summary judgment motion can be appealed <u>following a trial on the merits</u> only if the appeal centers on a question of law rather than the existence of a disputed material fact." <u>Ching v. Case</u>, 145 Hawaiʻi 148, 169 n.36, 449 P.3d 1146, 1167 n.36 (2019) (emphasis added) (citing <u>Larsen v. Pacesetter Sys., Inc.</u>, 74 Haw. 1, 17-18, 837 P.2d 1273, 1282-83 (1992)).  The reasoning is, at least in part, that "where
(continued...)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Hamakua's contentions as follows, and affirm.

Hamakua's first three points of error concern the identity of the intended parties to the Listing Contract – specifically, whether Maulua was the intended "Seller." In its first point of error, Hamakua contends that the Circuit Court erred in not concluding as a matter of law, based on parol evidence, that Maulua was the "Seller" and that Shropshire and Prekaski signed the Listing Contract "on behalf of" Maulua.[3] In its second point of error, Hamakua contends that the Circuit Court erred in concluding that "the lack of [Maulua's] express name as seller in the Listing [Contract], despite it being undisputed that Maulua was the sole owner of the . . . [P]roperty, created an ambiguity" raising genuine issues of material fact. In its third point of error, Hamakua contends that the Circuit Court erred in concluding that "Prekaski and . . . Shropshire's failure to designate their member/manager positions and authority in Maulua in the Listing [Contract] . . . created ambiguities" raising genuine issues of material fact.

The Hawaiʻi Supreme Court set out applicable principles of contract interpretation in <u>Hawaiian Ass'n of Seventh-Day Adventists v. Wong</u>, 130 Hawaiʻi 36, 305 P.3d 452 (2013). There, the court stated, in relevant part:

> "The construction and legal effect to be given a contract is a question of law freely reviewable by an appellate court."

---

[2] (...continued)
summary judgment was denied because of the existence of issues of fact and the case was subsequently decided by the jury, reversal on appeal would allow a decision based on less evidence, to prevail over one reached on more." <u>Bhakta v. Cnty. of Maui</u>, 109 Hawaiʻi 198, 209, 124 P.3d 943, 954 (2005) (quoting <u>Larsen</u>, 74 Haw. at 18, 837 P.2d at 1283, which in turn states the reasoning in <u>Morgan v. American University</u>, 534 A.2d 323, 326 (D.C. App. 1987)). Here, although the Denial Orders are based on the court's determination that genuine issues of material fact precluded summary judgment, there has been no trial on the merits. In any event, our review of the Denial Orders in these circumstances, where the Circuit Court has granted leave to file an interlocutory appeal, will plainly aid the parties and the court, and otherwise advance the fair and efficient administration of justice in this case.

[3] Hamakua's first point of error has been restated for clarity.

> Brown v. KFC National Mgmt. Co., 82 Hawaiʻi 226, 239, 921
> P.2d 146, 159 (1996) (citations and internal quotation marks
> omitted).  "The determination whether a contract is
> ambiguous is likewise a question of law that is freely
> reviewable on appeal."  Id. (citations omitted).
>
> . . . .
>
> A contract is ambiguous when its terms are reasonably
> susceptible to more than one meaning.  Airgo v. Horizon
> Cargo Transp., 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983).
> As a general rule, the court will look no further than the
> four corners of the contract to determine whether an
> ambiguity exists.  State Farm Fire & Cas. Co. v. Pac.
> Rent-All, 90 Hawaiʻi 315, 324, 978 P.2d 753, 762 (1999)
> (noting that the parties' disagreement as to the meaning of
> a contract does not render it ambiguous).  The parol
> evidence rule "precludes the use of extrinsic evidence to
> vary or contradict the terms of an unambiguous and
> integrated contract."  Pancakes of Hawaiʻi v. Pomare Props.
> Corp., 85 Hawaiʻi 300, 310, 944 P.2d 97, 107 (App.1997)
> (citation omitted).  This rule, however, is subject to
> exceptions that permit the court to consider extrinsic
> evidence when the writing in question is ambiguous or
> incomplete.  Id.  Where there is any doubt or controversy as
> to the meaning of the language, the court is permitted to
> consider parol evidence to explain the intent of the parties
> and the circumstances under which the agreement was
> executed.  Hokama v. Relinc Corp., 57 Haw. 470, 476, 559
> P.2d 279, 283 (1977).

Id. at 45-46, 305 P.3d at 461-62 (brackets omitted).

However, "when an ambiguity exists [in a contract] so that there is some doubt as to the intent of the parties, intent is a question for the trier of fact."  Moloaa Farms LLC v. Green Energy Team LLC, 157 Hawaiʻi 175, 186, 575 P.3d 808, 819 (2025) (brackets omitted) (quoting Foundation Int'l, Inc. v. E.T. Ige Constr., Inc., 102 Hawaiʻi 487, 497, 78 P.3d 23, 33 (2003)); see also Wittig v. Allianz, A.G., 112 Hawaiʻi 195, 201, 145 P.3d 738, 744 (App. 2006) ("Where the terms of a contract are ambiguous, the ambiguity raises the question of the parties' intent, which is a question of fact that will often render summary judgment inappropriate.").  In a similar vein, the supreme court has made clear that "where the facts pertaining to the existence or nonexistence of an agency are conflicting or conflicting inferences may be drawn from the evidence, those are questions of fact for the determination of the jury[.]"  State Farm Fire, 90 Hawaiʻi at 327, 978 P.2d at 765 (original brackets omitted) (quoting McDonnell v. Pennington, 40 Haw. 265, 268 (1953)).

Here, the Listing Contract's terms regarding the intended "Seller" are ambiguous.  The Listing Contract identifies

4

Prekaski and Shropshire as the "Seller" and does not state they are signing as members or managers of Maulua.  Indeed, although there appears to be no dispute that Maulua owned the Property, Maulua's name does not appear anywhere in the language of the Listing Contract.  Further, Paragraph A-2 of the Listing Contract states:

> A-2 **OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants and certifies that:
> (a)  Seller is the owner of the Property,
> (b)  Only those named above have title to the Property,
> (c)  Seller has the authority to execute this Listing Contract and to sell the Property, and
> (d)  Seller is not a party to any other listing contract or commission agreement to sell the Property.

As used in Paragraph A-2, "Seller" could be reasonably construed to mean Maulua, which the parties do not dispute "is the owner of the Property," or Prekaski and Shropshire, who are identified as the "Seller" earlier in the Listing Contract without reference to Maulua.

Hamakua argues that other documents submitted to the Circuit Court show that Prekaski and Shropshire signed the Listing Contract for Maulua.  However, the Listing Contract itself is ambiguous as to the intended "Seller."  Although parol evidence may be considered to explain the parties' intent regarding this term, "intent is a question for the trier of fact."[4/]  Moloaa Farms, 157 Hawaiʻi at 186, 575 P.3d at 819 (quoting Found Int'l, Inc., 102 Hawaiʻi at 497, 78 P.3d at 22).  Accordingly, the Circuit Court did not err in concluding that genuine issues of material fact precluded summary judgment in Hamakua's favor, and in denying the MSJ and the motion for reconsideration on that basis.

In light of our disposition, we need not reach Hamakua's remaining points of error.

---

[4/]    In this regard, Hamakua's reliance on Jardin v. Doucet, 34 Haw. 651 (Haw. Terr. 1938), is misplaced.  The petitioner in Jardin appealed from a decree following a trial, in which the circuit judge, sitting as the trier of fact, determined the real parties to a written real estate contract based on parol evidence.  Id. at 656, 661 (concluding that parol evidence "did not vary the terms of the written agreement but merely explained the transaction").

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

For the reasons discussed above, the Order Denying MSJ and the Order Denying Reconsideration are affirmed.

DATED: Honolulu, Hawaiʻi, November 25, 2025.

On the briefs:

Paul J. Sulla, Jr.,
for Plaintiff-Counterclaim
Defendant-Appellant.

Ronald N.W. Kim and
John S. Mukai
(Law Offices of Yeh and Kim),
for Defendants-
Counterclaimants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge